**MAJORETTE TOYS (U.S.) INC., and Majorette S.A. France, Appellants,**

v.

**DARDA, INC. U.S.A., d/b/a Darda Toy Company, and Helmut Darda, Appellees.**

**Appeal No. 86–921.**

United States Court of Appeals, Federal Circuit.

July 22, 1986.

---

Stephen Rubin, Mitchell H. Stabbe, Holland & Knight, Washington, D.C., and Gary M. Carman, Holland & Knight, Miami, Fla., for appellants.

Mark P. Stone, Eric Y. Munson, Stamford, Conn., Jack E. Dominik, Dominik & Saccocio, Miami, Fla., for appellees.

Before DAVIS, BALDWIN and SMITH, Circuit Judges.

## ORDER

DAVIS, Circuit Judge.

On January 13, 1986, 627 F.Supp. 1121, the District Court for the Southern District of Florida entered a judgment which: (1) declared the patents in suit valid and enforceable; (2) entitled the patentee and exclusive licensee to injunctive relief and the patentee to monetary relief in the amount of $9,622.86; (3) awarded plaintiffs attorney fees and costs in an amount to be determined at a later date; and (4) rejected defendants' antitrust counterclaim. Defendants appealed the judgment.

Plaintiffs, appellees here, have moved to dismiss and/or remand the appeal on the ground that, because the judgment has not quantified attorney fees and costs, it is neither a final decision pursuant to 28 U.S.C. § 1295(a) nor an appealable interlocutory decision pursuant to 28 U.S.C. § 1292.

In opposition to the motion, appellants quote this language from *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982): "the collateral character of the fee issue establishes that an outstanding fee question does not bar recognition of a merits judgment as 'final' and 'appeal-able.'" Appellees, on the other hand, urge that *White* has been interpreted as not applying when the award of attorney fees, as said to be true here, is "integral to the merits of the action" or is part of the compensation for the injury giving rise to the action.

The focus of the parties' arguments is misplaced. *White* was not a patent case. In the patent area, we are guided by 28 U.S.C. § 1292(c)(2), which gives this Court exclusive jurisdiction "of an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable ... and is final except for an accounting." That exception to the general rule against appealing interlocutory orders was enacted in response to the expense frequently involved in accounting in patent suits and the losses incurred when recoveries were ultimately denied by reversal of decrees on the merits. *McCullough v. Kammerer Corp.*, 331 U.S. 96, 67 S.Ct. 1165, 91 L.Ed. 1365 (1947); 9 Moore's Federal Practice ¶ 110.19[4] at 220 (2d Ed. 1981).

Appellees argue that, because the district court determined damages as part of the judgment, "there will be no accounting procedure" and, consequently, § 1292(c) is inapplicable. We disagree. If an appeal in a patent case can come to this Court under § 1292(c)(2) after validity and infringement are determined but prior to determining damages, it makes no sense not to allow an appeal after validity, infringement, *and* damages are ascertained, and an award of attorney fees granted, even though the exact amount of attorney fees (and costs) has not been precisely ascertained. If any of the trial court's holdings of validity, enforceability, or infringement is overturned, there will, in all likelihood, be no occasion to quantify, let alone award, attorney fees. Similarly, such quantification will be irrelevant if on appeal this Court determines that it was an abuse of discretion to award attorney fees at all. Accordingly, allowing the present appeal will prevent loss of time and expense, and the need to explore what

sometimes may be sensitive attorney records, in the event the case is overturned on the merits or in the determination that attorney fees should be awarded. Moreover, allowance of the appeal here fully harmonizes with the objectives of 28 U.S.C. § 1292(c)(2), *supra.*

Appellees cite this Court's unreported decisions in *Gilbreth International Corp. v. Lionel Leisure, Inc.*, No. 83–1418, slip op. (November 2 and 28, 1983).* There, the trial court had conditioned the grant of plaintiff-appellant's motion to dismiss under Fed.R.Civ.P. 41(a)(2) on payment by plaintiff of costs and attorney fees. The appeal was dismissed because the determination of the amount of attorney fees had not yet occurred, and hence, the judgment was not final. As this Court's order in *Gilbreth* specifically pointed out, that case involved a voluntary dismissal under Rule 41(a)(2), pursuant to which the trial court imposed conditions it deemed proper, *i.e.,* fees and costs. There was no appealed adjudication there, as there is here, of the merits of validity, infringement, and damages issues; the *only* issue before the court in *Gilbreth* concerned attorney fees. Hence, the rationale underlying § 1292(c)(2)—to allow appeals of the merits before undergoing exact computations of amounts owed—was not applicable.

Accordingly, IT IS ORDERED that appellees' motion to dismiss and/or remand is denied. Additionally: (1) appellees' motion for leave to reply to the memorandum of appellants (which had opposed appellees' motion to dismiss and/or remand) is granted; (2) appellees' motion for leave to file a supplemental reply to their motion to dismiss and/or remand is granted; (3) appellants' motion for leave to file a response to said supplemental reply is granted; and (4) appellants' request for oral argument on appellees' motion to dismiss and/or remand is denied.

---

\* The orders in *Gilbreth* did not bear the injunction against citation employed on unpublished

opinions in accord with this Court's Rule 18(a).