**SPECIAL DEVICES, INC.,**
**Plaintiff–Appellee,**

v.

**OEA, INC., Defendant–Appellant.**

**No. 01–1201.**

United States Court of Appeals,
Federal Circuit.

Oct. 30, 2001.

---

Robert M. Taylor, Jr., Lyon & Lyon LLP, of Irvine, California, argued for plaintiff-appellee. On the brief were Robert C. Weiss and Thomas J. Brindisi, of Los Angeles, CA.

Edward F. O'Connor, Stradling, Yocca, Carlson & Rauth, of Newport Beach, CA, argued for defendant-appellant.

Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.

LOURIE, Circuit Judge.

OEA, Inc., appeals from the decision of the United States District Court for the Central District of California holding that the underlying patent infringement suit was exceptional, justifying an award of attorney fees to Special Devices, Inc. After first holding that OEA's U.S. Patent 5,404,263 was invalid under the on-sale bar of 35 U.S.C. § 102(b), *Special Devices, Inc. v. OEA, Inc.*, 117 F.Supp.2d 989, 56 USPQ2d 1627 (C.D.Cal.2000) ("*Special Devices I*"), aff'd *Special Devices, Inc. v. OEA, Inc.*, 270 F.3d 1353 (Fed.Cir.2001) ("*Special Devices III*"), the district court found the case exceptional on the grounds of litigation misconduct and inequitable conduct by OEA before the Patent and Trademark Office ("PTO") in obtaining the '263 patent, *Special Devices, Inc. v. OEA, Inc.*, 131 F.Supp.2d 1171 (C.D.Cal.2001) ("*Special Devices II*"). The district court reserved determination of the amount of attorney fees for a later time. *Id.* at 1180.

Because the district court's award of attorney fees for an unspecified amount is not a final decision, we lack jurisdiction to hear this appeal. Accordingly, we dismiss.

## BACKGROUND

The factual background is set forth more fully in *Special Devices III*. Only a

brief summary of the most pertinent background facts is repeated here.

OEA's '263 patent relates to an all-glass header assembly used to trigger inflation of an air bag. OEA out-sourced production of some units of the invention to Coors Ceramics Co. *Id.* at 1172. Pursuant to that arrangement, Coors sold units of the invention to OEA prior to the critical date, one year before the filing of the patent application. *Id.* OEA and Coors filed separate patent applications on the same date, *id.*, those applications being prosecuted by the same law firm, Sheridan & Ross, that was aware of the Coors OEA sales but did not disclose those sales to the PTO. *Id.* at 1173. The PTO issued the '263 patent with device and apparatus claims.

The PTO also issued U.S. Patent 5,243,-492 to Coors containing method claims only. Coors later filed an application to reissue that patent, seeking device claims. *Id.* The reissue application was prosecuted by different attorneys, who did disclose the Coors OEA sales. *Id.* OEA filed a protest in the reissue proceedings, arguing that the Coors OEA sales were an on-sale bar as to Coors. *Id.* Coors eventually abandoned the reissue application in acquiescence to a rejection under § 102(b) on the ground that the Coors OEA sales were an on-sale bar. *Id.* at 1174.

While Coors was attempting to traverse the on-sale bar rejection in the reissue proceedings, OEA contacted Special Devices to state its opinion that Special Devices was infringing the '263 patent. *Id.* However, Special Devices disagreed and brought suit against OEA seeking declaratory judgments of patent invalidity and noninfringement. *Id.* The district court granted partial summary judgment in favor of Special Devices, holding the '263 patent invalid under 35 U.S.C. § 102(b) on

the ground that the Coors OEA sales violated the on-sale bar. *Special Devices I* at 996, 56 USPQ2d at 1633. This court affirmed in *Special Devices III*.

Two weeks after entry of judgment in *Special Devices I*, Special Devices filed a motion for attorney fees. The district court granted the motion, deeming the case exceptional within the meaning of 35 U.S.C. § 285.[1] *Special Devices II* at 1180. In the opinion of the district court, an award of attorney fees was warranted principally because of (1) OEA's inequitable conduct in failing to disclose the Coors OEA transactions and misrepresentation of inventorship to the PTO, *id.* at 1176–78, and (2) OEA's litigation misconduct, *viz.*, nonproduction of documents relating to the Coors OEA transactions, *id.* at 1178–80. Because the district court did not have before it any evidence regarding the amount of attorney fees to which Special Devices was entitled, the court deferred quantifying the award. *Id.* The court stated that, after receipt of relevant evidence and briefing, it would "then determine the compensatory amount of the award in light of the offender's conduct." *Id.* This appeal, purporting to be an appeal from a final judgment, was filed before the district court proceeded any further toward quantifying the attorney fees award.

## DISCUSSION

■ Jurisdiction is a threshold issue that the court may raise *sua sponte*. *Johannsen v. Pay Less Drug Stores N.W., Inc.*, 918 F.2d 160, 161, 16 USPQ2d 1697, 1698 (Fed.Cir.1990). In fact, a court has a duty to inquire into its jurisdiction to hear and decide a case. *Id.; View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 115 F.3d 962, 963, 42 USPQ2d 1956, 1957 (Fed.Cir.1997) ("[C]ourts must always look to their juris-

---

1. That section states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285 (1994).

diction, whether the parties raise the issue or not."). Accordingly, although not raised by the parties, we inquire into the issue whether we have jurisdiction over the district court's judgment.

■■■ Jurisdiction of this appeal arises from compliance with 28 U.S.C. § 1295(a)(1), which reads as follows:

I. The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction—

(1) of an appeal from a final decision of a district court of the United States ... if the jurisdiction of that court was based, in whole or in part, on section 1338 of this title except [cases involving only copyright, mask work or trademark claims without patent claims].

28 U.S.C. § 1295(a)(1) (1994). By its express terms, § 1295(a)(1) requires that the decision of the district court be "final." [2]

■■■ The issue presented by this case is whether an award of attorney fees in an exceptional case, pursuant to 35 U.S.C. § 285, where that award is unquantified, is a final decision within the meaning of 28 U.S.C. § 1295(a)(1). We conclude that it is not.

■■■ We apply Federal Circuit law on the issue as to whether an unquantified award of attorney fees pursuant to 35 U.S.C. § 285 is final. We do so because the awarding of attorney fees pursuant to 35 U.S.C. § 285 is an issue unique to patent law and therefore subject to Federal Circuit law. *Midwest Indus., Inc. v. Ka-*

*ravan Trailers, Inc.*, 175 F.3d 1356, 1359, 50 USPQ2d 1672, 1675 (Fed.Cir.1999) (*en banc* in relevant part), *cert. denied* 528 U.S. 1019, 120 S.Ct. 527, 145 L.Ed.2d 409 (1999). Moreover, we apply our own law in determining our own jurisdiction. *Woodard v. Sage Products*, 818 F.2d 841, 844, 2 USPQ2d 1649, 1651 (Fed.Cir.1987) (*in banc* ).

We have not previously determined whether a decision to award attorney fees under 35 U.S.C. § 285 is final and appealable before the award has been quantified. However, our decision in *View Engineering* is closely analogous. In that case, we held, applying Federal Circuit law, that a decision imposing sanctions under Federal Rule of Civil Procedure Rule 11 was not final for purposes of appeal pursuant to 28 U.S.C. § 1295(a)(1) until the district court had decided the amount of the liability. *View Eng'g*, 115 F.3d at 964, 42 USPQ2d at 1957. Although the basis for the award of attorney fees in *View Engineering* was Rule 11, not 35 U.S.C. § 285, we see no reason why that distinction should compel a different result. Indeed, the same reasons, *i.e.*, judicial efficiency and avoidance of delay, *id.*, persuade us to reach the same result. Such a holding prevents piecemeal appeals involving 35 U.S.C. § 285—a first appeal to contest the exceptional finding *per se*, and a second appeal to contest the amount of the attorney fees. Such a prospect is what the final judgment rule is intended to foreclose. "From the very foundation of our judicial system the

**2.** 28 U.S.C. § 1292(c)(2) does not provide jurisdiction in this case. That section grants jurisdiction over judgments in civil actions for patent infringement which are final except for an accounting. 28 U.S.C. § 1292(c) (1994). However, this appeal is not an appeal from a judgment of patent infringement. Rather, it is an appeal from a judgment of an exceptional case, separate from the judgment in the action for patent infringement. Furthermore, the accounting exception of § 1292(c)(2) is

not applicable to this appeal. Determination of attorney fees is not an "accounting." "Accounting," as used in the statute, refers to infringement damages pursuant to 35 U.S.C. § 284. Infringement damages are not at issue in this appeal. Indeed, when a patent owner loses in the district court, as occurred in this case, then § 1292(c)(2) is not applicable. *Johannsen*, 918 F.2d at 161, 16 USPQ2d at 1699.

object and policy of the acts of Congress in relation to appeals and writs of error ... have been to save the expense and delays of repeated appeals in the same suit, and to have the whole case and every matter in controversy in it decided in a single appeal." *McLish v. Roff,* 141 U.S. 661, 665–66, 12 S.Ct. 118, 35 L.Ed. 893 (1891).

■ Moreover, although our case law explains the application of 35 U.S.C. § 285 as involving a two-step analysis of first determining whether the case is exceptional and then determining the amount of the award, *e.g. Mentor H/S, Inc. v. Medical Device Alliance, Inc.,* 244 F.3d 1365, 1380, 58 USPQ2d 1321, 1331 (Fed.Cir.2001), the two component steps of the analysis are not independent. Rather, the amount of the attorney fees depends on the extent to which the case is exceptional. In other words, the exceptionality determination highly influences the award setting. *See Beckman Instruments, Inc. v. LKB Produkter AB,* 892 F.2d 1547, 1554, 13 USPQ2d 1301, 1306–07 (Fed.Cir.1989) ("[T]he amount of fees awarded to the 'prevailing party' should bear some relation to the extent to which the party actually prevailed."); *see also Read Corp. v. Portec, Inc.,* 970 F.2d 816, 831, 23 USPQ2d 1426, 1439 (Fed.Cir.1992) ("[W]hen the attorney fees under 35 U.S.C. § 285 are awarded solely on the basis of litigation misconduct, the amount of the award must bear some relation to the extent of the misconduct."). In fact, the amount of attorney fees awarded may be zero, even though the case is exceptional. *S.C. Johnson & Son, Inc. v. Carter–Wallace, Inc.,* 781 F.2d 198, 201, 228 USPQ 367, 369 (Fed.Cir.1986). In sum, because the grounds for determining that a case is exceptional and for fixing an amount of the attorney fees are related, it is efficient to review them together.

Most of our sister circuits have also adopted the rule that an award of unquantified attorney fees, whether in the context of Rule 11 sanctions or other statutory authority for awarding attorney fees, is not a final decision. *See Gilda Marx, Inc. v. Wildwood Exercise, Inc.,* 85 F.3d 675, 677, 39 USPQ2d 1043, 1045 (D.C.Cir.1996) (stating that the court would lack jurisdiction to hear a cross-appeal of a decision to award unquantified attorney fees if that were the only appealed issue before the court, and declining to exercise pendant appellate jurisdiction over the cross-appeal); *Century 21 Real Estate Corp. v. Century 21 Real Estate, Inc.,* 929 F.2d 827, 830, 118 USPQ2d 1552, 1555 (1st Cir.1991) (dismissing an appeal of a decision to award unquantified attorney fees pursuant to the Lanham Act); *Commonwealth of Penn. v. Flaherty,* 983 F.2d 1267, 1276 (3d Cir.1993) (citing *Becton Dickinson & Co. v. Dist. 65, United Aero. & Agric. Implement Workers of Am.,* 799 F.2d 57, 61 (3d Cir. 1986), for the general proposition that an award of unquantified attorney fees is not final, and holding that a "proportionate amount of reasonable attorney fees," pursuant to the Civil Rights Act, "lacks the necessary element of finality"); *S. Travel Club, Inc. v. Carnival Air Lines, Inc.,* 986 F.2d 125, 130 (5th Cir.1993) (holding that an order awarding attorney fees or costs pursuant to Rule 11 "is not reviewable on appeal until the award is reduced to a sum certain"); *Gates v. Cent. States Teamsters Pension Fund,* 788 F.2d 1341, 1343 (8th Cir.1986) (holding that an order for attorney fees and costs pursuant to Rule 11 "but without determining the specific amount of that award is not a final and appealable order"); *Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc.,* 873 F.2d 1327, 1329 (9th Cir.1989) ("The district court's first order imposing sanctions [pursuant to Rule 11] but not setting an amount was therefore not a final or appealable order."); *Phelps v. Washburn Univ. of Topeka,* 807 F.2d 153, 154 (10th

Cir.1986) ("[I]f an award of attorney fees [under the Civil Rights Act] is not reduced to a sum certain, it is not final.").[3] Although the above-cited cases were appealed under 28 U.S.C. § 1291, not 28 U.S.C. § 1295(a)(1), that difference is immaterial because the "final decision" requirement of both statutes is "coextensive." *Johannsen*, 918 F.2d at 162 n. 1, 16 USPQ2d at 1698 n. 1.

Thus, the final judgment rule has been widely applied by other circuits to bar the appeal of awards of unquantified attorney fees notwithstanding the particular statutory provision that authorizes the award. We see no reason to distinguish the reasoning expressed by this court in *View Engineering* as well as that of the other circuit courts cited above, and we therefore conclude that a decision to award unquantified attorney fees in an exceptional case under 35 U.S.C. § 285 is not final.

Following oral argument, Special Devices cited *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988); *Johannsen*; and *Majorette Toys (U.S.), Inc. v. Darda, Inc. U.S.A.*, 798 F.2d 1390, 230 USPQ 541 (Fed. Cir.1986), as supporting their contention that the district court made a final decision that we have jurisdiction to review. OEA agreed. We do not. This case is distinguishable from those cases.

*Budinich* held that an otherwise final judgment on the merits is not nonfinal because a collateral award of attorney fees has not been quantified. 486 U.S. at 202, 108 S.Ct. 1717. *Budinich* thus supports our jurisdiction to hear and decide the parties' appeal in *Special Devices III*, in which the merits of invalidity were at issue. However, we do not read *Budinich*

as supporting jurisdiction in this case. Although the Court cautioned "that the § 1291 effect of an unresolved issue of attorney fees ... should not turn upon the characterization of those fees" as being "collateral" or "itself part of the merits," *id.* at 200–201, *Budinich* did not speak to the issue of finality when the merits on appeal are an award of attorney fees. Indeed, cases from other circuit courts have recognized this distinction after *Budinich* was decided. *E.g., Gilda Marx*, 85 F.3d at 677; *Commonwealth of Penn.*, 983 F.2d at 1269–70.

*Johannsen* involved an entirely different issue. *Johannsen* held that the "final except for an accounting" exception of 28 U.S.C. § 1292(c)(2) does not apply to pendent judgments of non-patent claims. 918 F.2d at 163–164, 16 USPQ2d at 1699. This is not a case involving 28 U.S.C. § 1292(c)(2). *See supra* note 2.

*Majorette Toys* is also distinguishable from this case. *Majorette Toys* held that an appeal raising issues of validity, infringement, and attorney fees does not lack finality for failure to quantify the attorney fees. 798 F.2d at 1391–92, 230 USPQ at 542. In so holding, *Majorette Toys* analogized to the accounting exception of 28 U.S.C. § 1292(c)(2):

> If an appeal in a patent case can come to this Court under § 1292(c)(2) after validity and infringement are determined but prior to determining damages, it makes no sense not to allow an appeal after validity, infringement and damages are ascertained, and an award of attorney fees granted, even though the exact amount of attorney fees (and costs) has not been precisely ascertained. If any

---

**3.** *But see Bittner v. Sadoff & Rudoy Indus.,* 728 F.2d 820, 826 (7th Cir.1984) (holding that a judgment lacking quantification of attorney fees award can be reviewed under "the principle that a court of appeals may, in the interest of orderly judicial administration, review matters beyond that which supplies appellate jurisdiction.") (internal quotations omitted).

of the trial court's holdings of validity, enforceability, or infringement is overturned, there will, in all likelihood, be no occasion to quantify, let alone award, attorney fees. Similarly, such quantification will be irrelevant if on appeal this Court determines that it was an abuse of discretion to award attorney fees at all. Accordingly, allowing the present appeal will prevent loss of time and expense, and the need to explore what sometimes may be sensitive attorney records, in the event the case is overturned on the merits or in the determination that attorney fees should be awarded.

*Id.* That holding might apply to the facts of this case, except that *Majorette Toys* went on to expressly distinguish *Gilbreth Int'l Corp. v. Lionel Leisure, Inc.*, No. 83–1418 (Fed. Cir. Nov. 2 and 28, 1983) (nonprecedential), a case with facts much like the present facts. *Majorette Toys*, 798 F.2d at 1391–92, 230 USPQ at 542. In *Gilbreth*, the only issue before the court concerned attorney fees, which were unquantified by the district court; there had been no adjudication of validity, infringement, or damages. *Id.* In distinguishing *Gilbreth*, *Majorette Toys* thus in effect stated that its holding does not apply to this appeal, because, as in *Gilbreth*, only attorney fees are at issue here. Accordingly, *View Engineering* is our closest precedent, not *Majorette Toys*.

Finally, we recognize that this court has reviewed an award of attorney fees without a quantified amount. *E.g., Akron Polymer Container Corp. v. Exxel Container, Inc.*, 148 F.3d 1380, 47 USPQ2d 1533 (Fed.Cir.1998). However, in *Akron*, the finality issue was raised neither by the parties nor *sua sponte* by the court. Because *Akron* did not confront and decide the same issue, it is not precedent on the question before us. *See Brown Shoe Co. v. U.S.*, 370 U.S. 294, 307, 82 S.Ct. 1502, 8 L.Ed.2d 510 (1962); *New v. Terr. of Okla.*,

195 U.S. 252, 256, 25 S.Ct. 68, 49 L.Ed. 182 (1904).

## CONCLUSION

Because we lack jurisdiction to consider the merits of this appeal, it is

*DISMISSED.*