BROOKS FURNITURE MANU-FACTURING, INC., Plain-tiff–Appellee,

v.

DUTAILIER INTERNATIONAL, INC., and Dutailer, Inc., Defendants–Appellants.

No. 02–1326.

United States Court of Appeals, Federal Circuit.

Aug. 2, 2002.

---

Before LOURIE, GAJARSA, and LINN, Circuit Judges.

ON MOTION

LOURIE, Circuit Judge.

*ORDER*

Brooks Furniture Manufacturing, Inc. moves to dismiss Dutailier International, Inc. et al.'s appeal. Dutailier opposes. Brooks replies. Dutailier moves without opposition to stay the briefing schedule pending the court's resolution of Brooks' motion.

Brooks filed an action in the United States District Court for the Eastern District of Tennessee for a declaratory judg-ment of invalidity and noninfringement of Dutailier's patent, along with claims of un-fair competition under the Lanham Act and patent mismarking. Brooks alleged that the action was an exceptional case pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117, thereby entitling Brooks to attor-ney fees and litigation costs. Dutailier counterclaimed asserting infringement, Lanham Act and common law unfair com-petition, and deceptive trade practices un-der state consumer protection law.

Brooks moved for summary judgment of noninfringement and sought an award of exceptional case attorney fees (35 U.S.C. § 285). On September 4, 2001, the district court granted Brooks' motion for summary judgment of noninfringement. In the same order, the district court denied Brooks' motion for summary judgment pertaining to the issue of invalidity as moot. The district court did not rule on Brooks' request for § 285 attorney fees.

On October 10, 2001, Brooks' invalidity, patent mismarking, and Lanham Act claims were dismissed along with Dutaili-er's remaining counterclaims. The district court ordered that Brooks' claims for at-torney fees relating to Dutailier's counter-claims would "remain[ ] for the Court's determination." Dutailier did not file a notice of appeal within 30 days of the October 10, 2001 order.

On December 18, 2001, the district court granted Brooks' request for attorney fees, concluding that the circumstances of the case were exceptional. The district court held that Brooks had clearly prevailed on the infringement issue and was also a pre-vailing party to the extent that Dutailier's counterclaims had been dismissed by stip-ulated order. Thus, the district court held that attorney fees were warranted under either the Patent or Lanham Acts, or pur-

suant to state consumer protection law. The district court did not set the amount of the award, instead ordering the parties to submit papers and "confer in an effort to see if the amount of attorney fees can be agreed upon." Within 30 days of this order Dutailier filed a notice of appeal.

Brooks asserts that Dutailier's appeal must be dismissed because (1) Dutailier did not appeal within 30 days of the October 10, 2001 dismissal order, and (2) the December 18, 2001 order granting, but not quantifying, attorney fees was not a final and appealable order. In response, Dutailier maintains that because Brooks' complaint asserted exceptional case as a basis for its attorney fees request and because the exceptional case issue was not resolved until the December 18, 2001 order issued granting entitlement to attorney fees, the case was not appealable before that date.

We do not find Dutailier's reasoning persuasive. Under controlling precedent, Brooks' motion to dismiss must be granted for the reasons explained in *Budinich v. Becton Dickinson And Company*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), and this court's recent decision in *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340 (Fed.Cir.2001).

In *Budinich*, a former employee received a verdict for less than the amount he sought and filed new trial motions and a motion for attorney fees. The district court denied the new trial motions, but found that he was entitled to attorney fees. Later the district court determined the amount of the fees and Budinich appealed. The United States Court of Appeals for the Tenth Circuit dismissed the appeal

with respect to all issues except the amount of the attorney fees award. The Supreme Court affirmed the Court of Appeals' dismissal of the appeal seeking review of the underlying merits of the case as untimely, reasoning:

> Petitioner contends, however that the general status of attorney's fees for § 1291 * purposes must be altered when the statutory or decisional law authorizing them makes plain ... that they are to be part of the merits judgment. . . . This Court itself implicitly acknowledged the possibility of such an approach in *Boeing Co. v. Van Gemert*, 444 U.S., 472, 100 S.Ct. 745, 62 L.Ed.2d 676 ... (1980), where, in holding that a judgment on the merits was final and immediately appealable apart from the question of attorney's fees, we expressly distinguished cases in which the plaintiff had specifically requested attorney's fees as part of the prayer in his complaint ... Now that we are squarely confronted with the question, however, we conclude that the § 1291 effect of an unresolved issue of attorney's fees for the litigation at hand should not turn upon the characterization of those fees by the statute or decisional law that authorizes them.

> . . . .

> ... [W]hat is of importance here is not preservation of conceptual consistency in the status of a particular fee authorization as "merits" or "nonmerits," but rather preservation of operational consistency and predictability in the overall application of § 1291. This requires, we think, a uniform rule that an unresolved

---

* For purposes of the issues at hand, any differences between sections 1291 and 1295 are immaterial. "The 'final decision' requirement of both statutes is 'coextensive.'" *Spe-*

*cial Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1345 (Fed.Cir.2001) (quoting *Johannsen v. Pay Less Drug Stores, N.W., Inc.*, 918 F.2d 160, 161 (Fed.Cir.1990)).

issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final.

. . . .

... In short, no interest pertinent to § 1291 is served by according different treatment to attorney's fees deemed part of the merits recovery.... We are not inclined to adopt a disposition that requires the merits or nonmerits status of each attorney's fee provision to be clearly established before the time to appeal can be clearly known. Courts and litigants are best served by the bright-line rule ... that a decision on the merits is a "final decision" for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case.

*Budinich*, 486 U.S. at 201–03.

Thus, whether the attorney fees requested by Brooks were part of the merits first raised in its complaint, and subsequently requested in the motion for summary judgment of noninfringement, is irrelevant under the Court's analysis in *Budinich*. Once all issues but for attorney fees were resolved, i.e., with the October 10, 2001 dismissal order, the case was final and ripe for a timely appeal in accordance with Fed. R.App. P. 4(a)(1)(A). Dutailier's reliance on the earlier case in *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976), is misplaced because that case drew on a distinction between attorney fees as "merits" or "nonmerits" (i.e., whether fees were sought in the complaint), a distinction ultimately deemed irrelevant in light of *Budinich*'s bright-line rule. Dutailier failed to appeal from the October 10, 2001 dismissal order within 30 days and, therefore, its appeal seeking review of any merits issue must be dismissed as untimely in accordance with *Budinich*.

Following the October 10, 2001 dismissal order, the only remaining issue was an award of attorney fees. The district court's December 18, 2001 order determined that an award was warranted, but did not quantify the amount. Thus, Dutailier's appeal of attorney fee matters is premature. *See Special Devices*, 269 F.3d at 1343, 1345 (holding that where the only "merits on appeal are an award of attorney fees," the decision to award attorney fees under 35 U.S.C. § 285 is not "final and appealable before the award has been quantified").

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.

(2) The motion for a stay is moot.

(3) Each side shall bear its own costs.