NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

## 2009-1345

**BARD PERIPHERAL VASCULAR, INC.
and DAVID GOLDFARB, M.D.,**

Plaintiffs/Counterclaim
Defendants-Appellees,

and

**C.R. BARD, INC.,**

Counterclaim Defendant-Appellee,

v.

**W.L. GORE & ASSOCIATES, INC.,**

Defendant/Counterclaimant-
Appellant.

Appeal from the United States District Court for the District of Arizona in case no. 03-CV-597, Judge Mary H. Murguia.

---------------------------------------------------------------------------------

## 2009-1359

**BARD PERIPHERAL VASCULAR, INC.
and DAVID GOLDFARB, M.D.,**

Plaintiffs/Counterclaim
Defendants-Appellants,

and

**C.R. BARD, INC.,**

Counterclaim Defendant,

v.

**W.L. GORE & ASSOCIATES, INC.,**

Defendant/Counterclaimant-
Appellee.

Appeal from the United States District Court for the District of Arizona in case no. 03-CV-597, Judge Mary H. Murguia.

ON MOTION

Before MAYER, CLEVENGER, and RADER, Circuit Judges.

MAYER, Circuit Judge.

ORDER

Bard Peripheral Vascular Inc., David Goldfarb, M.D., and C.R. Bard Inc. ("Bard") move to dismiss W.L. Gore & Associates, Inc.'s ("Gore") appeal, 2009-1345, for lack of jurisdiction. Gore opposes. Bard replies.

Bard filed an action against Gore in the United States District Court for the District of Arizona for patent infringement. After a trial, a jury found that Gore had willfully infringed Bard's patent, rejected Gore's invalidity argument, and awarded Bard compensatory damages. The district court entered judgment on July 30, 2008. Thereafter, both parties filed various post-judgment motions.

On March 31, 2009, the district court resolved a number of the pending post-judgment motions. Specifically, the district court granted Bard's motions for prejudgment interest and supplemental damages, and denied Bard's motion to permanently enjoin Gore from infringing its patent, but granted Bard's alternative request for a compulsory license agreement for Gore's future infringement. Proceedings to determine the terms of a license agreement to compensate Bard for Gore's future infringement are ongoing. Subsequently, Bard appealed the district court's March 31, 2009 order.

Bard asserts that Gore's appeal of the March 31 order is premature because the proceedings to determine the particulars of the license are pending. Gore argues that

its interlocutory appeal is permitted pursuant to 28 U.S.C. § 1292(c)(2) because the district court's judgment is final and the continuing license agreement proceedings fall within the statute's "accounting" exception. ("The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction . . . of an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable . . . and is final except for an accounting.")

Because proceedings concerning the license are still pending before the district court, we deem the better course is to dismiss the appeal as premature. See Special Devices, Inc. v. Oea Inc., 269 F.3d 1340,1343 n. 2 (Fed. Cir. 2001) ("'Accounting,' as used in [§ 1292(c)(2)], refers to infringement damages pursuant to 35 U.S.C. § 284.").

Accordingly,

IT IS ORDERED THAT:

(1)     Bard's motion to dismiss appeal no. 2009-1345 is granted.

(2)     Each side shall bear its own costs for 2009-1345.

(3)     Bard's brief in 2009-1359 is due within 30 days of the date of filing of this order.

(4)     The revised official caption for 2009-1359 is reflected above.

FOR THE COURT

AUG 1 7 2009

Date

/s/ Jan Horbaly

Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 1 7 2009

JAN HORBALY
CLERK

cc:     John C. O'Quinn, Esq.
        David H. Pfeffer, Esq.

s20

ISSUED AS A MANDATE (for 2009-1345 only): _____AUG 1 7 2009_____