NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1530, 2009-1137


IN RE ELECTRO-MECHANICAL INDUSTRIES

-----------------------------------------------------------------


ELECTRO-MECHANICAL INDUSTRIES, INC.

Plaintiff-Appellant,

v.

UNIVERSAL SUPPORT SYSTEMS, LLC,

Defendant-Cross Appellant.


Edward C. Dawson, Yetter, Warden & Coleman, L.L.P., of Austin, Texas, argued for plaintiff-appellant.  With him on the brief were Gregory S. Coleman and Marc S. Tabolsky.  Of counsel on the brief was Edward L. Rothberg, Weycer, Kaplan, Pulaski & Zuber, P.C., of Houston, Texas.

Jacks C. Nickens, Nickens Keeton Lawless Farrell & Flack, LLP, of Houston, Texas, argued for defendant-cross appellant.

Appealed from:  United States District Court for the Southern District of Texas

Judge Vanessa D. Gilmore

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1530, 2009-1137

IN RE ELECTRO-MECHANICAL INDUSTRIES

----------------------------------------------------------------

ELECTRO-MECHANICAL INDUSTRIES, INC.,

Plaintiff-Appellant,

v.

UNIVERSAL SUPPORT SYSTEMS, LLC,

Defendant-Cross Appellant.

Appeal from the United States District Court for the Southern District of Texas in case no. 08-CV-0646, Judge Vanessa D. Gilmore.

_____

DECIDED:  December 22, 2009
_____

Before NEWMAN, PLAGER, and MOORE, <u>Circuit Judges</u>.

MOORE, <u>Circuit Judge</u>.

Electro-Mechanical Industries, Inc. (EMI) appeals an estimation of the value of a patent infringement claim from the United States District Court for the Southern District of Texas.  EMI sought the claim estimation for purposes of bankruptcy after being sued by Universal Support Systems, LLC (Universal) for infringement of U.S. Patent No. 6,669,163 (the '163 patent).  After an estimation proceeding, the district court concluded that the asserted claims of the '163 patent are not invalid as obvious and found that EMI

willfully infringed the claims of the patent. The court then estimated the value of the claim and awarded damages constituting a reasonable royalty, enhanced damages for willful infringement, and attorney fees. EMI appeals the district court's estimation. Universal cross-appeals damages, asserting that it should have been awarded lost profits. For the reasons set forth below, we affirm-in-part, reverse-in-part, vacate-in-part, and remand.

## BACKGROUND

Universal is the assignee of the '163 patent, which claims a foot design for metal racks that hold telecommunications equipment. Claim 1 is the only independent claim of the patent. It claims, in relevant part, a support apparatus comprising a planar base and a hollow receptacle for receiving an object. The claim requires spacing of the receptacle above the base that "permits the passage of air, wind, or water."

Figure 2 of the '163 patent is below, showing a side view of a foot and the locations of the base (12), receptacle (18), and buttress (16) elements. The spacing (gap) element is located between the base and the receptacle.



Fig. 2

EMI produced and sold feet for holding telecommunications racks. Universal sued EMI in the United States District Court for the Eastern District of Texas, alleging

that EMI's feet infringed the '163 patent. EMI produced eight different types of feet, designated as feet A through H. Feet A through D were manufactured and sold with a buttressed receptacle, such that a gap existed between the bottom of the receptacle and the base. Although feet E and G had gaps between the base and receptacle at some point during the manufacturing process, EMI filled the gaps with silicone prior to sale. Foot F had a receptacle that was completely welded to the base so that no gap existed, and the gap on foot H was closed on all sides except for one.

EMI filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, and filed a motion pursuant to 11 U.S.C. § 502(c) requesting that the bankruptcy court estimate the value of Universal's patent infringement claim at zero.[1] Universal timely filed a proof of claim with the bankruptcy court for the amount of $5,570,000, and filed a motion for withdrawal of the reference of the case to the bankruptcy court, requesting that the district court estimate Universal's claim. The bankruptcy court issued a Report and Recommendation that the reference be withdrawn. The United States District Court for the Southern District of Texas granted the motion to withdraw the reference to the bankruptcy court over EMI's objections.

The district court held a claim estimation hearing, after which the court concluded the patent was not invalid under 35 U.S.C. § 103 and found that feet A through E and G infringed the '163 patent. The district court found that feet F and H did not infringe the '163 patent because they did not have gaps that permitted the passage of air, wind, or water. The district court found that Universal was entitled to a reasonable royalty, and applied a royalty rate of 11% to all infringing feet. Finding that EMI had willfully infringed

---

[1]    Pursuant to 11 U.S.C. § 362(a), the filing of EMI's bankruptcy action resulted in the immediate stay of the infringement action in the Eastern District of Texas.

the '163 patent, the district court enhanced damages by doubling the damages amount. The district court also found the case to be exceptional under 35 U.S.C. § 285 and found reasonable and necessary attorney fees to be $700,000, which it enhanced to $1,000,000.

EMI appeals the district court's estimation. Universal cross-appeals damages, arguing that it was entitled to lost profits. We have jurisdiction pursuant to 35 U.S.C. § 1295(a)(1).

DISCUSSION

Universal disputes our jurisdiction over this bankruptcy estimation, arguing that the case was founded on the Bankruptcy code and not 28 U.S.C. § 1338. Jurisdiction is proper in this case because Universal's underlying claim depended entirely on patent law. The district court was required to decide the issues of patent validity, infringement, willfulness, and damages. These are substantial questions of federal patent law. See Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 807 (1988) (stating that our jurisdiction extends to cases in which "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims").

Universal filed a proof of claim at the district court, which was allowed. Therefore, the case was final and appealable. See Bank of Lafayette v. Baudoin (In re Baudoin), 981 F.2d 736, 742 (5th Cir. 1993) (stating that "an order allowing a proof of claim is, likewise, a final judgment"). A district court's estimation of a claim for purposes of an underlying bankruptcy proceeding is reviewed for an abuse of discretion. Addison v. Langston (In re Brints Cotton Mktg., Inc.), 737 F.2d 1338, 1341 (5th Cir. 1984);

accord Institut Pasteur & Genetic Sys. Corp. v. Cambridge Biotech Corp. (In re Cambridge Biotech Corp.), 186 F.3d 1356, 1369 (Fed. Cir. 1999) ("We review the grant of an equitable remedy for abuse of discretion."). A court estimating the value of a claim in a bankruptcy case must base its evaluation on "the legal rules which govern the ultimate value of the claim." Addison, 737 F.2d at 1341 (citation omitted).

## I. Infringement and Damages

The district court found that feet A through E and G infringe claims of the '163 patent and that a hypothetical negotiation between the parties would have led to a reasonable royalty rate of 11% and applied the rate to all infringing feet. When reviewing a royalty award, "we review the trial court's determinations for erroneous conclusions of law, clearly erroneous factual findings, and clear errors of judgment amounting to an abuse of discretion." Mitutoyo Corp. v. Cent. Purchasing, LLC, 499 F.3d 1284, 1292 (Fed. Cir. 2007). In the absence of an established royalty rate, a court may determine a reasonable royalty based on hypothetical negotiations between the parties at the time infringement began. Rite-Hite Corp. v. Kelley Co., 56 F.3d 1538, 1554 (Fed. Cir. 1995) (en banc).

The district court found that feet A through D infringed the claims of the '163 patent. Claim 1 of the '163 patent states:

Support apparatus, comprising:
  a planar base;
  a hollow receptacle for receiving an object; and
  a plurality of radially spaced apart buttresses having a first end connected to said base and a second end connected to an outer surface of said receptacle, said buttresses mounting said receptacle separate from and spaced above, said base and spaced outwardly from said receptacle to cause force received by said receptacle from supporting said object to be transferred and distributed to different portions of said base by said buttresses; and wherein at least said

base, said receptacle and said buttresses are made of electrically conductive material and <u>whereby the spacing of said receptacle above said base permits the passage of air, wind, or water</u> to decrease susceptibility to movement of said apparatus.

(emphasis added). Feet A through D had spaces between their bases and receptacles. The district court found that feet A through D infringed because they contained every element of the claims of the '163 patent. This finding was not clearly erroneous.

Feet E and G were similar to feet A through D, except that EMI filled the gaps in feet E and G with silicone prior to selling the feet to customers. The district court stated that the gaps on feet E and G were "filled with silicone after being manufactured," and the district court found that the feet infringed because "they were <u>made</u> containing every element of the claims in the '163 patent." <u>In re Electro-Mechanical Indus., Inc.</u>, No. H-08-0646, slip op. at 18 (S.D. Tex. July 8, 2008) (emphasis added). The district court's finding that feet E and G were infringing during the manufacturing process prior to being sold is not clearly erroneous. However, once the gaps in feet E and G were filled with silicone, they no longer infringed. Hence there were no infringing sales of feet E and G. The district court's award of a reasonable royalty rate of 11% was based upon infringing sales. This rate, as applied to feet E and G which did not constitute infringing sales, was clearly erroneous. The patentee has the burden of proving entitlement to damages. <u>Smithkline Diagnostics, Inc. v. Helena Labs. Corp.</u>, 926 F.2d 1161, 1164 (Fed. Cir. 1991) (stating that "the amount of a prevailing party's damages is a finding of fact on which the plaintiff bears the burden of proof by a preponderance of the evidence").

In this case, Universal offered no evidence of any damages related to the manufacture of feet E and G. Universal's expert opined only that an 11% royalty was

appropriate for infringing sales. See Claim Estimation Hr'g Tr. vol. 2, 126, June 18, 2008 (testimony of Mr. Woods); Ex. 170 (excerpt of Mr. Woods' expert report, June 5, 2008) (J.A. 3617–18). Because there were no infringing sales of feet E and G, the district court clearly erred in accessing damages for these sales.

The district court awarded $212,631.36 in reasonable royalty damages to Universal for EMI's infringing sales, $170,418.29 of which was for sales of feet A through D and $42,213.07 of which was attributable to sales of feet E and G. Because plaintiff has failed to prove entitlement to damages for infringement of feet E and G, the award of $42,213.07 was clearly erroneous. We affirm the district court's damages determinations in all other respects. The district court's determination that Universal has established entitlement to $170,418.29 in damages for the infringing sales of feet A through D is not clearly erroneous.

We, likewise, see no clear error in the district court's finding of willfulness. Nor do we find that the district court abused its discretion in doubling the damage award. Universal is therefore entitled to total damages of $340,836.58.

## II. Attorney Fees

The district court found the case exceptional and awarded Universal $1,000,000 in attorney fees pursuant to 35 U.S.C. § 285. The court held that "USS presents evidence that the reasonable and necessary attorneys' fees in this matter are $700,000." The court then enhanced the attorney fee award to $1,000,000 because of the complexity of the case and EMIs having "provided inaccurate and unreliable information during the pendency of the litigation."

Section 285 states: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." The awarding of attorney fees pursuant to 35 U.S.C. § 285 is an issue unique to patent law that is subject to Federal Circuit law. Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1343 (Fed. Cir. 2001). "Where a district court finds a case exceptional under 35 U.S.C. § 285, this court reviews the underlying factual findings for clear error and legal conclusions without deference. Once the district court has found a case to be exceptional, we review any award of attorney fees for an abuse of discretion." Frazier v. Roessel Cine Photo Tech, Inc., 417 F.3d 1230, 1234 (Fed. Cir. 2005) (citing Rambus Inc. v. Infineon Techs. AG, 318 F.3d 1081, 1088 (Fed. Cir. 2003)). "In determining the reasonableness of the award, there must be some evidence to support the reasonableness of, inter alia, the billing rate charged and the number of hours expended." Lam, Inc. v. Johns-Manville Corp., 718 F.2d 1056, 1068 (Fed. Cir. 1983). Section 285 does not provide for the award of expert witness fees. Amsted Indus. Inc. v. Buckeye Steel Castings Co., 23 F.3d 374, 379 (Fed. Cir. 1994) ("Section 285 does not include shifting of expert fees as part of that remedy.").

The district court erred in this case by awarding expert witness fees as part of the attorneys fees awarded pursuant to 35 U.S.C. § 285. The district court found that Universal established entitlement to reasonable and necessary attorney fees of $700,000. The only evidence in the record relating to the amount of reasonable attorney fees came from Mr. Nickens who testified that at normal hourly rates, Universal's attorneys had recorded $421,622 of billable time as of the date of his testimony, which would increase to approximately $500,000 by the conclusion of the

case. Mr. Nickens further testified that there would be additional "expert fees and other expenses" totaling another $200,000. While we cannot conclude that the district court clearly erred in the assessment of $500,000 for attorney's fees, the award of $200,000 for expert fees and other expenses is not permitted under law.

This is not to say that expert fees may never be awarded. Expert witnesses are provided attendance fees under 28 U.S.C. § 1821, which limits expert compensation to $40 per day plus certain travel reimbursements. Unless explicitly authorized by statute, however, to award fees in excess of those allowed under § 1821, a court must make a finding of fraud or abuse of the judicial process and invoke its inherent power to sanction. Amsted, 23 F.3d at 378 (requiring "a finding of fraud or abuse of the judicial process before a trial court can invoke its inherent sanctioning power to impose expert witness fees in excess of the section 1821(b) cap" (citing Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Mathis v. Spears, 857 F.2d 749 (Fed. Cir. 1988))); see also Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc., 549 F.3d 1381, 1391 (Fed. Cir. 2008) (stating that a district court's invocation of its inherent power to impose sanctions in the form of expert witness fees is reserved for cases in which the court found fraud or abuse of the judicial process (citing Amsted, 23 F.3d at 378)). A district court may also grant sanctions for egregious conduct under alternative grounds such as Rule 11, even if the district court feels that attorney fees are unwarranted under the circumstances. See Fed. R. Civ. P. 11. However, such sanctions were not sought in this case. We therefore vacate the attorney fee award in excess of the $500,000 and remand to the district court to consider Universal's request for expert fees and other expenses under the framework provided in Takeda and Amsted.

Finally, after concluding that Universal "present[ed] evidence that the reasonable and necessary attorney fees in this matter are $700,000" the district court went on to enhance the attorney fee award from $700,000 to $1,000,000. Section 285 allows only for the award of "reasonable attorney fees" to the prevailing party, it does not allow for enhancement of those reasonable fees. The district court, citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), justified its enhancement of attorneys fees because the case needed immediate attorney attention, was more complex that a standard patent case because it was a bankruptcy proceeding and EMI had provided inaccurate and unreliable information during the pendency of the litigation. Johnson itself, a civil rights case where the court was concerned with effectuating Congress' intention to foster private enforcement of civil rights legislation, never mentions enhancing otherwise reasonable attorney fees. See id. at 715. Johnson articulated twelve factors for courts to consider in determining what amount of attorneys fees are reasonable in a given case. Id. at 717–20. The law provides that Universal is entitled to its reasonable attorney fees, not reasonable attorney fees plus some enhancement.

In this case, Universal argued and presented evidence that $700,000 was the reasonable attorney fees to which it was entitled. The district court's enhancement of this amount is erroneous as a legal matter—only reasonable fees may be awarded pursuant to 35 U.S.C. § 285. Even if we were to construe the $1,000,000 not as an enhancement, but rather as a determination of the reasonable fee award, Universal did not argue or offer any evidence to support an award greater than $700,000. Universal bore the burden of proving its entitlement to attorney fees and the amount of a

reasonable fee award. The district court's decision to enhance attorney fees therefore amounted to an abuse of discretion. We vacate the district court fee award and remand for a new fee determination consistent with this opinion.

We have considered the myriad of other issues raised in this case, including noninfringement, invalidity, and lost profits, and find them to be without merit.