NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WARSAW ORTHOPEDIC, INC.,**
*Plaintiff/Counterclaim Defendant-Appellant,*

AND

**MEDTRONIC SOFAMOR DANEK USA, INC.,**
*Counterclaim Defendant-Appellant,*

AND

**MEDTRONIC PUERTO RICO OPERATIONS CO. AND MEDTRONIC SOFAMOR DANEK DEGGENDORF, GMBH,**
*Counterclaim Defendants,*

v.

**NUVASIVE, INC.,**
*Defendant/Counterclaimant-Cross Appellant.*

---

2012-1263, -1266

---

Appeals from the United States District Court for the Southern District of California in Case No. 08-CV-1512, Judge Cathy Ann Bencivengo and Judge Michael M. Anello.

---

**ON MOTION**

---

Before LOURIE, SCHALL, and DYK, *Circuit Judges*.

LOURIE, *Circuit Judge*.

## ORDER

Warsaw Orthopedic, Inc. and Medtronic Sofamor Danek USA, Inc. (collectively Warsaw) move to dismiss the appeals for lack of appellate jurisdiction. NuVasive opposes. Warsaw replies.

Warsaw brought this suit against NuVasive for patent infringement of nine patents. NuVasive counterclaimed for infringement of three of its own patents. The district court directed the parties to select three patents each for the first phase of litigation (Phase I). A jury decided the issues of infringement, validity, and damages for the patents involved in Phase I, and the judge subsequently decided the inequitable conduct allegations against Warsaw. The district court entered a final judgment for Phase I pursuant to Fed. R. Civ. P. 54(b) despite the fact that pre-judgment interest and the amount of ongoing royalties have not yet been decided by the court.

"A judgment is not final for Rule 54(b) purposes unless it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 8620863 (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 432 (1956)). We agree with Warsaw that even assuming Rule 54(b) would give this court jurisdiction over a claim that is "final except for an accounting" within the meaning of 28 U.S.C. § 1292(c)(2), the case is not "final" because the district court has not yet determined ongoing royalties. An ongoing royalty is not the same as an accounting for damages. *See Special Devices, Inc. v. Oea, Inc.*, 269 F.3d 1340, 1343 n.2 (Fed. Cir. 2001) ("'Accounting,' as used in [§

1292(c)(2)], refers to infringement damages pursuant to 28 U.S.C. § 284.").

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. The appeal is dismissed.

(2) Each side shall bear its own costs.

FOR THE COURT

AUG 0 2 2012
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Luke L. Dauchot, Esq.
    Frank E. Scherkenbach, Esq.

s24

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 0 2 2012

JAN HORBALY
CLERK

Issued As A Mandate:     AUG 0 2 2012