NEWMAN, Circuit Judge,
dissenting.
On this appeal from the district court’s final judgment of patent invalidity and accompanying sanctions, the defendant Citrix Systems moved to dismiss as premature that portion of the appeal that relates to the award of sanctions. My colleagues on this panel hold that the final judgment on the merits is appealable, but refuse to include the appeal of the accompanying sanctions because the attorney fees and costs have not been quantified. The final judgment of invalidity, and the attorney fees and costs awarded as sanctions, arise from the same factual and legal considerations, and will now require further redundancy of effort, by yet a third panel of this court. The result is not only judicial inefficiency, at the district court as well as this court, but also unnecessary burdens and costs for the parties. From my colleagues’ inappropriate disposition, I respectfully dissent.
Discussion
This case started in 2002, when Mr. Orenshteyn, through prior counsel, sued Citrix for .patent infringement. In 2003 the district court granted Citrix’s motion for summary judgment of non-infringement, and levied sanctions against Mr. Orenshteyn under Rule 11, and against his counsel under Rule 11 and 28 U.S.C. § 1927.
On appeal, this court reversed the summary judgment of non-infringement. The court also reversed the Rule 11 sanctions for failure to comply with the twenty-one day “safe harbor” provision of Rule 11(c)(2). Orenshteyn v. Citrix Sys., Inc., 341 Fed.Appx. 621 (Fed.Cir.2009). This court also vacated the § 1927 sanction against counsel, holding that “only that portion of the applicable costs, expenses, and fees attributable to the ... failure to correct testimony could be awarded.” Id. at 628.
On remand, the district court reimposed the same sanctions, but instead of Rule 11 the court substituted its inherent powers, and also reapplied the § 1927 sanction against counsel. The district court also granted Citrix’s motion for summary judgment of patent invalidity, and entered final judgment. Mr. Orenshteyn, now with different counsel, filed this appeal from the final judgment and the sanctions. The district court, in declining to proceed with quantification of the sanctions, stated that “a finding in favor of Plaintiff on appeal could affect Citrix’s entitlement to attorney fees and costs.” Order Staying Motion to Determine Fees and Costs, Doc. # 375, Mar. 21, 2011. My colleagues on this panel apparently deem this to be reversible error. It is not. The district court acted in accordance with precedent and logic, a pragmatic move toward resolution of this prolonged litigation. In contrast, the panel majority now requires the district court to proceed with quantifica *1365 tion, although the Federal Circuit has not reviewed the award of the sanction, and another Federal Circuit panel will be obliged to restudy the merits of the patent and the criticized litigation procedures. The precedent of this court and of the Supreme Court is contrary to this inefficient process.
The controlling precedent of the Federal Circuit is Majorette Toys, Inc. v. Darda, Inc., 798 F.2d 1390 (Fed.Cir.1986), where this court, in precisely this situation, accepted the appeal of the judgment on the merits and the levy of attorney fee sanctions. The court explained that “it makes no sense not to allow an appeal after validity, infringement, and damages are ascertained, and an award of attorney fees granted, even though the exact amount of attorney fees (and costs) has not been ascertained.” Id. at 1391. The court reasoned that appeal of the final judgment, together with appeal of the accompanying award of sanctions, “harmonizes with the objectives of 28 U.S.C. § 1292(c)(2),” the statute that grants our jurisdiction:
(2) of an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the United States Court of Appeals for the Federal Circuit and is final except for an accounting.
The court in Majorette Toys stated that “allowing the present appeal will prevent loss of time and expense,” for “quantification will be irrelevant if on the bifurcated appeal this court determines that it was an abuse of discretion to award attorney fees at all.” 798 F.2d at 1391. This reasoning is of particular force here, for there already exists a ruling of this court raising questions about the scope of the district court’s sanctions. If the renewed award of sanctions is again reversed or modified — a possibility suggested by this court’s prior opinion based on the same transgressions — the quantification of fees and costs will either be unnecessary or will have to be redone on still another remand.
In Akron Polymer Container Corp. v. Exxel Container, Inc., 148 F.3d 1380 (Fed. Cir.1998), this court again reviewed an unquantified award of attorney fees, consolidated with appeal of a finding of inequitable conduct. Id. at 1381 (“The second judgment [being appealed] held that Exxel’s inequitable conduct causes the suit to be an ‘exceptional case’ within the meaning of 35 U.S.C. § 285 (1994), entitling Akron Polymer to an award of its attorney fees, in an amount to be determined at the conclusion of this appeal.”). This court reversed the judgment of inequitable conduct for lack of intent, and concluded that “without a basis to support the judgment of unenforceability, there is no foundation on which to conclude that this is an exceptional case under section 285.” Id. at 1384.
In the cases relied upon by the panel majority, the sanctions were not appealed along with a final judgment on the merits, as they are here. In Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1345 (Fed.Cir.2001), this court explained that “Majorette Toys analogized to the accounting exception of 28 U.S.C. § 1292(c)(2),” whereby quantification may be irrelevant. The court noted that: “this appeal is not an appeal from a judgment of patent infringement. Rather, it is an appeal from a judgment of an exceptional case, separate from the judgment in the action for patent infringement.” 269 F.3d at 1343 n. 2. In Special Devices only the issue of the award of attorney fees under 35 U.S.C. § 285 was appealed; the court dismissed the appeal and explained that: “as in Gilbreth [Gilbreth Int’l Corp. v. Lionel Leisure, Inc., *1366 802 F.2d 469 (Fed.Cir. Nov. 2 and 28, 1986)], only attorney fees are at issue here. Accordingly, View Engineering is our closest precedent, not Majorette Toys.” Special Devices, 269 F.3d at 1346. In View Engineering, Inc. v. Robotic Vision Systems, Inc., 115 F.3d 962 (Fed.Cir.1997), the sole issue of the appeal again was the unquantified Rule 11 sanction. Here, Mr. Orenshteyn appeals the final judgment on the merits of the patent action, and includes appeal of the sanction based on his pursuit of that action. This distinction is critical, as the court in Majorette Toys pointed out in distinguishing Gilbreth, supra, that “the only issue before the court in Gilbreth concerned attorney fees,” such that there was no efficiency to be gained by review. 798 F.2d at 1392.
Citrix offers the argument that Majorette Toys allows review only when sanctions are awarded in favor of the patentee, and not when the award is in favor of the accused infringer. However, no basis for excluding the patentee from seeking review appears in that decision. Majorette Toys states that “Plaintiffs, appellees here, have moved to dismiss and/or remand the appeal on the ground that, because the judgment has not quantified attorney fees and costs, it is neither a final decision pursuant to 28 U.S.C. § 1295(a) nor an appealable interlocutory decision pursuant to 28 U.S.C. § 1292.” 798 F.2d at 1391. The court ruled that when appeal is taken from a final judgment on the merits, the award of attorney fees and costs is also reviewable, although not quantified. In Akron Polymer this court reversed an unquantified award of attorney fees against the patentee along with reversal of a judgment of inequitable conduct. 148 F.3d at 1384.
My colleagues criticize Majorette Toys for analogizing to § 1292, stating that the court had “no statutory basis upon which to draw such an analogy.” Maj. op. at 8. This court has noted that “the judgment in Majorette Toys was actually a ‘final decision’ appealable under § 1295, and the court’s discussion of § 1292(c)(2) was not necessary to its holding on jurisdiction.” Johannsen v. Pay Less Drug Stores Nw., Inc., 918 F.2d 160, 162 (Fed.Cir.1990). Although not necessary to the holding, the analogy drawn in Majorette Toys is sound, and fully applicable here, for the same efficiency concerns that underlie § 1292(c)(2) warrant allowing an award of attorney fees to be reviewed along with the final judgment on which that award is based. As we explained in Majorette Toys:
[Q]antification will be irrelevant if on appeal this Court determines that it was an abuse of discretion to award attorney fees at all. Accordingly, allowing the present appeal will prevent the loss of time and expense, and the need to explore what sometimes may be sensitive attorney records, in the event the case is overturned on the merits or in the determination that attorney fees should be awarded. Moreover, allowance of the appeal here fully harmonizes with the objectives of 28 U.S.C. § 1292(c)(2)....
798 F.2d at 1391-92. This reasoning is fully applicable here, for quantification will again be irrelevant if the court determines, while reviewing the merits, that attorney fees should not have been awarded, such that “allowing the present appeal will prevent the loss of time and expense.” Id. at 1391.
My colleagues also mistakenly state that Majorette Toys was overturned or superseded by Swint v. County Chambers Commission, 514 U.S. 35, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995). Maj. op. at 1361-62. *1367 My colleagues contend that in light of Swint judicial efficiency is no longer important. Maj. op. at 1362. Swint did not so hold. Although the Swint Court decided not to review an unappealable interlocutory decision along with an appealable one, that decision was in part driven by the fact that the questions involved were “unrelated,” 514 U.S. at 51, 115 S.Ct. 1203, such that consolidated review would not be particularly efficient. Swint held that efficiency did not justify jurisdiction in that case, not that efficiency was no longer a relevant consideration, as the panel majority contends.
In resolving questions of appealability, considerations of judicial efficiency and economy are routinely at the forefront. See Intermedics Infusaid, Inc. v. The Regents of the University of Minnesota, 804 F.2d. 129, 134 n. 8 (Fed.Cir.1986) (“The circuits have uniformly focused on the policy of judicial economy in deciding whether to review pendent orders and issues.”). As we explained in Katz v. Lear Siegler, Inc., 909 F.2d 1459, 1461 (Fed.Cir.1990):
An interlocutory order that ordinarily would not be appealable may be given discretionary appellate review when it is ancillary to other matters that are appealable .... Consideration, is given to the extent to which the appealable order involves factors pertinent to the otherwise nonappealable order, such that judicial efficiency and the interest of justice are served by review.
These considerations remain important, as this court recognized six years after Swint, in Special Devices:
From the very foundation of our judicial system the object and policy of the acts of Congress in relation to appeals and writs of error ... have been to save the expense and delays of repeated appeals in the same suit, and to have the whole case and every matter in controversy in it decided in a single appeal.
269 F.3d at 1343 (Fed.Cir.2001) (quoting McLish v. Roff, 141 U.S. 661, 665-66, 12 S.Ct. 118, 35 L.Ed. 893 (1891)).
The regional circuits also continue to recognize the important role of efficiency considerations in decisions on pendent appealability after Swint, both within and outside the context of attorney fees. See, e.g., Mueller v. Auker, 576 F.3d 979, 989-91 (9th Cir.2009) (exercising “pendent Jurisdiction,” discussing Swint, and citing regional circuit cases for “convincing analysis — rendered in the ‘interest of judicial economy’ ”); In re Dyer, 322 F.3d 1178, 1187 (9th Cir.2003) (“Delaying review of the sanctions order would result in piecemeal litigation.... the opportunity to avoid piecemeal litigation weighs heavily in favor of our jurisdiction.”); National Railroad Passenger Corp. v. ExpressTrak, L.L.C., 330 F.3d 523, 527 (D.C.Cir.2003) (“This court ... generally will invoke pendent jurisdiction ... ‘when substantial considerations of fairness or efficiency demand it’.... ”); Farm Labor Organizing Committee v. Ohio State Highway Patrol, 308 F.3d 523, 551 (6th Cir.2002) (“Our decision here [to exercise jurisdiction] is compelled by the interests of judicial efficiency underlying the pendent appellate jurisdiction doctrine.”); Greenwell v. Aztar Indiana Gaming Corp., 268 F.3d 486, 491 (7th Cir.2001) (“Greenwell’s malpractice claim against Aztar is entwined with Aztar’s indemnity claim' ... and since we must decide the latter, we might as well decide the former at the same time and head off a second appeal.”); Thornton v. General Motors Corp., 136 F.3d 450, 454 (5th Cir.1998) (“[P]endent appellate jurisdiction [is] appropriate over the attorney *1368 fees sanction.... pendent review promotes judicial economy by providing both parties with a speedy resolution of the issues while allowing for a ‘sensible allocation of judicial resources.’ ”); Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan, 115 F.3d 1020, 1026 (D.C.Cir.1997) (“Considerations of fairness or efficiency may also justify the exercise of pendent appellate jurisdiction.... ”); Gilda Marx, Inc. v. Wildwood Exercise, 85 F.3d 675, 678-79 (D.C.Cir.1996) (“By choosing to entertain a pendent appeal, we may sometimes be able to forestall a second appeal, thus streamlining the judicial process,” citing “the need for sensible allocation of judicial resources”); Brennan v. Township of Northville, 78 F.3d 1152, 1158 (6th Cir.1996) (“As this appeal presents the quintessential case for application of pendent appellate jurisdiction, we exercise our discretion to do so in the interest of judicial economy.”).
Well after Swint, leading commentators continue to advocate reviewing an unquantified award of fees along with a final judgment on the merits, “whenever the circumstances suggest that obvious efficiency advantages can be gained on appeal without interfering with ongoing proceedings in the trial court.” Wright & Miller, Federal Practice & Procedure § 3915.6. Commentators have correctly noted that “attorney fee questions often require substantial litigation before the district judge and turn on matters closely bound up with the judgment on the merits,” such that courts may “expand the scope of the appeal on the merits to permit review of a determination to award attorney fees even though the amount has not yet been set.” Id. As explained by Wright and Miller:
In extending review, commonly under the label of pendent jurisdiction, courts have tended to look for and to emphasize a strong relationship between the appealable order and the additional matters swept up into the appeal. Illustrations have been provided by appeals taken under a variety of expansive finality theories. Perhaps the simplest setting is provided by review of an order awarding attorney fees on appeal from a judgment final with respect to all matters other than determination of the fee amount. The trial court, appellate court, and parties all may be better off if the appeal from an almost completely final judgment can resolve the fee issue as well.
Id. at § 3937.
In White v. New Hampshire Department of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), the Supreme Court held that “an outstanding fee question does not bar recognition of a merits judgment as ‘final’ and ‘appeal-able,’ ” and recognized that “ ‘piecemeal’ appeals of merits and fee questions are generally undesirable.” 455 U.S. at 452 n. 14, 102 S.Ct. 1162. The Court noted that “district courts have ample authority to deal with this problem.” Id. The district court prudently exercised such authority here, declining to proceed with quantification of the sanctions until the propriety of those sanctions had been reviewed on appeal. Order Staying Motion to Determine Fees and Costs, Doc. # 375, Mar. 21, 2011 (“a finding in favor of Plaintiff on appeal could affect Citrix’s entitlement to attorney fees and costs”).
Contrary to the majority’s argument, Swint does not support the panel majority’s ruling, and did not overrule or supersede Majorette Toys. In Swint, in the wake of successive raids on a nightclub in Chambers County Alabama, the plaintiffs *1369 sued the Chambers County Commission, along with three individual police officers, for alleged civil rights violations. The individual defendants moved for summary judgment based on qualified immunity, and the commission moved for summary judgment arguing that the sheriff who authorized the raids was not an agent of the county commission. Both motions were denied. Invoking the rule that an order denying qualified immunity is immediately appealable before trial under the collateral order doctrine, see Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), the individual defendants immediately appealed. Although the denial of the commission’s motion was not otherwise appealable, the Eleventh Circuit considered the commission’s appeal under the doctrine of pendent appellate jurisdiction, and reversed, granting the commission’s motion to dismiss because the sheriff was not a policymaker for the county in the area of law enforcement. The Supreme Court held that the Eleventh Circuit should not have allowed the commission to ride the jurisdictional coattails of the individual defendants’ qualified immunity appeal.
Swint is distinguished from this case, and from Majorette Toys, for at least three reasons. First, as recognized by the Court, the commission’s appeal in Swint was “unrelated” to the individual defendants’ qualified immunity appeal, such that no efficiency would be gained by consolidated review. 514 U.S. at 51, 115 S.Ct. 1203 (“The individual defendants’ qualified immunity turns on whether they violated clearly established federal law; the county commission’s liability turns on the allocation of law enforcement power in Alabama. The Eleventh Circuit’s authority immediately to review the District Court’s denial of the individual police officer defendants’ summary judgment motions did not include authority to review at once the unrelated question of the county commission’s liability.”).
Here, by contrast, Mr. Orenshteyn’s appeal is from the final judgment on the merits of a patent infringement action, and the sanction is for his prosecution of the merits; the issues are closely linked and entwined, such that efficiency counsels in favor of consolidated appeal. See Greenwell, 268 F.3d at 491 (“this is one of those cases in which allowing an interlocutory appeal prevents rather than produces piecemeal appeals, while if the liability and indemnity issues did not overlap there would be only a limited economy from deciding them in one rather than two appeals”).
Second, there was no final judgment in Swint; the qualified immunity decision was only appealable under the collateral order doctrine, which the Court explained as follows:
In Cohen [v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)], we held that § 1291 permits appeals not only from a final decision by which a district court disassociates itself from a case, but also from a small category of decisions that, although they do not end the litigation, must nonetheless be considered “final.” Id. at 546 [69 S.Ct. 1221]. That small category includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action. Ibid.
514 U.S. at 41-42, 115 S.Ct. 1203. In its decision against pendent appellate jurisdic *1370 tion, the Court emphasized that the appealable decision was only appealable because it fell into that “small category,” such that the scope of the appeal should not be enlarged:
If courts of appeals had discretion to append to a CoAew-authorized appeal from a collateral order further rulings of a kind neither independently appealable nor certified by the district court, then the two-tiered arrangement § 1292(b) mandates would be severely undermined.
514 U.S. at 47, 115 S.Ct. 1203. See also 514 U.S. at 49-50, 115 S.Ct. 1203 (“a rule loosely allowing pendent appellate jurisdiction would encourage parties to parlay Cohen-type collateral orders into multi-issue interlocutory appeal tickets.”); Wright & Miller, Federal Practice & Procedure § 3937 (“Collateral order doctrine presents greater challenges to any theory of pendent appeal jurisdiction.”). Here, by contrast, there was a final judgment on the merits; Mr. Orenshteyn is not seeking to “append to a Coften-authorized appeal,” nor is he asking the court for a “multiissue interlocutory appeal ticket.”
Third, the Court in Swint considered “pendent party” appellate jurisdiction, and the Court emphasized that point:
In the instant case, the Eleventh Circuit asserted not merely pendent appellate jurisdiction, but pendent party appellate jurisdiction: The court appended to its jurisdiction to review the denial of the individual defendants’ qualified immunity motions jurisdiction to review the denial of the commission’s summary judgment motion.
514 U.S. at 48 n. 6, 115 S.Ct. 1203. See also 514 U.S. at 51, 115 S.Ct. 1203 (“there is no ‘pendent party’ appellate jurisdiction of the kind the Eleventh Circuit purported to exercise”); Kaluczky v. City of White Plains, 57 F.3d 202, 207 (2d Cir.1995) (“The Supreme Court has recently cautioned that ... a claim involving a ‘pendent party’ is an ‘unrelated question’ that cannot be resolved under pendent jurisdiction. See Swint.... However, the Court did not otherwise narrow the scope of pendent jurisdiction”); Mueller, 576 F.3d 979, 991 (9th Cir.2009) (quoting this portion of Kaluczky). Here, Mr. Orenshteyn seeks merely to appeal the award of attorney fees against himself, along with the judgment against himself on the merits, so there is no pendent party issue.[1]
The issue here is not whether to review a non-final decision against one defendant, along with a largely unrelated interlocutory decision against a different defendant appealable only under the collateral order doctrine, but whether to permit inclusion of the sanction levied against Mr. Orenshteyn along with appeal of the final judgment against Mr. Orenshteyn. The Court in Swint explicitly narrowed its ruling, stating that it “need not definitively or preemptively settle here whether or when it may be proper for a court of appeals, with jurisdiction over one ruling, to review, conjunctively, related rulings that are not themselves independently appealable.” Id. at 50-51, 115 S.Ct. 1203. Swint does not decide the question here, and does not take, or suggest, any position that could be construed as overruling Majorette Toys.
The majority states that Swint is “widely considered to have thrown ‘cold water *1371 on pendent appellate jurisdiction,’ ” op. at 1361, citing a case from the Seventh Circuit for this proposition. The doctrine is alive and well post-Swint. As explained by the Seventh Circuit itself, “the doctrine clearly still lives, for it has been invoked by the Supreme Court since Swint, in Clinton v. Jones, 520 U.S. 681, 707 n. 41, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997), where the Court said that ‘the Court of Appeals correctly found that pendent appellate jurisdiction over the issue was proper.’ ” Greenwell, 268 F.3d at 491.
Swint did not hold, as the majority contends, that pendent appellate jurisdiction is proper only where the issues are “inextricably intertwined,” or where review of one is “necessary to review” the other. Maj. op. at 1358-59. See Gilda Marx, Inc. v. Wildwood Exercise, 85 F.3d 675, 679 n. 4 (D.C.Cir.1996) (“While we agree that Smnt counsels caution in the exercise of pendent appellate jurisdiction, we do not think it meant to prescribe a definitive or exhaustive list of conditions.”); Wright & Miller, Federal Practice & Procedure § 3937 (“What is needed is a flexible, pragmatic doctrine that defines the scope of the appeal in the way that best meets the purposes of the final judgment rule.”).
The majority’s mistake is apparent when the relevant language from Swint is shown in context:
We need not definitively or preemptively settle here whether or when it may be proper for a court of appeals, with jurisdiction over one ruling, to review, conjunctively, related rulings that are not themselves independently appeal-able .... The parties do not contend that the District Court’s decision to deny the Chambers County Commission’s summary judgment motion was inextricably intertwined with that court’s decision to deny the individual defendants’ qualified immunity motions, or that review of the former decision was necessary to ensure meaningful review of the latter. Cf. Kanji, The Proper Scope of Pendent Appellate Jurisdiction in the Collateral Order Context, 100 Yale L.J. 511, 530 (1990) (“Only where essential to the resolution of properly appealed collateral orders should courts extend their Cohen jurisdiction to rulings that would not otherwise qualify for expedited consideration.”). Nor could the parties so argue. The individual defendants’ qualified immunity turns on whether they violated clearly established federal law; the county commission’s liability turns on the allocation of law enforcement power in Alabama.
Swint, 514 U.S. at 50-51, 115 S.Ct. 1203. Thus the majority’s purported “Swint tests” derive from one sentence where the Court was explaining what the parties did not contend. In the immediately preceding sentence, the Court stated that it was not creating a definitive test. Id. (“We need not definitively or preemptively settle here.... ”).
Further, the citation following the sentence from which the majority derives its “test” is to a law review article on “the proper scope of pendent appellate jurisdiction in the collateral order context,” and the quotation from that article opines on when courts should “extend their Cohen jurisdiction to rulings that would not otherwise qualify.” The final sentence in the paragraph emphasizes the lack of relation between the issues underlying the two appeals. Thus Swint held, in the pendent party context, that an appellate court may not extend its Cohen jurisdiction to reach an “unrelated question.” Id. at 51, 115 S.Ct. 1203. This case involves neither Co *1372 hen jurisdiction nor pendent parties, and the issues are closely related and entwined, as discussed supra. As such, exercising jurisdiction here would not “contradict[] the central holding of Swint,” nor would it be “inconsistent with the standards established in Swint,” as the majority contends. Maj. op. at 1358-59, 1360.
Courts have not limited pendent appellate jurisdiction to the conditions of the majority’s test. This court continues to exercise pendent appellate jurisdiction where the issues are “closely interrelated factually,” as they are here. See, e.g., Helifix Ltd. v. Blok-Lok, Ltd., 208 F.3d 1339, 1345 (Fed.Cir.2000) (“We exercise our discretion to invoke pendent appellate jurisdiction over the interlocutory grant of summary judgment ‘because it is closely interrelated factually’ to the preliminary injunction.”) (quoting Gerber Garment Tech., Inc. v. Lectra Sys., Inc., 916 F.2d 683, 686 (Fed.Cir.1990), and citing Clinton v. Jones, 520 U.S. at 707 n. 41, 117 S.Ct. 1636, as well as Swint); Intel Corp. v. Commonwealth Scientific & Indus. Research Org., 455 F.3d 1364 (Fed.Cir.2006) (“This court, however, has the power to exercise pendent appellate jurisdiction over other issues,” citing Swint); Entegris, Inc. v. Pall Corp., 490 F.3d 1340, 1348-49 (Fed.Cir.2007) (recognizing that pendent appellate jurisdiction is available “in appropriate circumstances,” but declining to exercise it where there was “no overlap or impact between the issues on appeal”); Akron Polymer Container Corp. v. Exxel Container, Inc., 148 F.3d 1380 (Fed.Cir.1998) (reversing an unquantified award of attorney fees along with the closely related merits issue). As this court has stated, “the major factor in determining whether to exercise this [pendent appellate] jurisdiction is the extent that review of the appealable order will involve consideration of factors relevant to the otherwise nonappealable order.” Procter & Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d 842, 846-47 (Fed.Cir.2008) (quoting Intermedics, 804 F.2d at 134).
Nor do the regional circuits limit themselves to the conditions of the majority’s test. The regional circuits continue to recognize and apply pendent appellate jurisdiction after Swint in situations such as this, where doing so “furthers interests of fairness and efficiency,” or where the issues are “closely related,” “entwined,” or “involve overlapping issues of law and fact.” See, e.g., Mueller, 576 F.3d at 989-91 (9th Cir.2009) (exercising jurisdiction over a partial summary judgment pendent to a denial of qualified immunity, reasoning that a “holding that Rodgers must wait to appeal the adverse ruling about him not only makes no sense, but it flies right in the face of efficient judicial administration”); Greenwell, 268 F.3d at 491 (7th Cir.2001) (reviewing Greenwell’s malpractice claim pendent to a third party’s indemnity claim, because the issues are “closely related” and “entwined”); Comstock Oil & Gas Inc. v. Alabama & Coushatta Indian Tribes, 261 F.3d 567, 571 (5th Cir.2001) (“Because the sovereign immunity challenges of the oil companies and the tribal council members stem from the same underlying lawsuit and involve overlapping issues of law and fact, we find that this case presents rare and unique circumstances sufficient for this court to exercise its pendent jurisdiction.”); Jungquist, 115 F.3d at 1026 (D.C.Cir.1997) (reviewing non-immunity claims pendent to an interlocutory appeal from a denial of immunity, because doing so “furthers interests of fairness and efficiency,” and noting that “the availability of pendent appellate jurisdiction is not limited to circumstances where claims are ‘so closely related’ that review of the former is necessary to, or *1373 will dispose of, review of the latter”); In Re Tutu Wells Contamination Litigation, 120 F.3d 368, 382 (3rd Cir.1997) (exercising pendent party appellate jurisdiction and explaining that the “doctrine of pendent appellate jurisdiction, in its broadest formulation, allows an appellate court in its discretion to exercise jurisdiction over issues that are not independently appealable but that are intertwined with issues over which the appellate court properly and independently exercises its jurisdiction”); Brennan v. Township of Northville, 78 F.3d 1152, 1158 (6th Cir.1996) (reviewing a partial summary judgment pendent to a denial of qualified immunity, “in the interest of judicial economy”). These cases show that exercise of pendent appellate jurisdiction is not limited to situations where the issues are “inextricably intertwined,” or “necessary to review,” as the majority contends.
The majority is incorrect in stating that the circuits “are in general agreement that an unquantified award of attorney fees does not usually warrant the exercise of pendent jurisdiction.” Maj. op. at 1360. Numerous courts, including this court, have reviewed unquantified fee awards since Swint, or recognized the power to do so. See, e.g., Akron Polymer, 148 F.3d 1380 (Fed.Cir.1998) (discussed supra, reviewing an unquantified fee award pendent to a judgment of unenforceability for inequitable conduct); Thornton, 136 F.3d at 454 (5th Cir.1998) (reviewing an unquantified award of attorney fees pendent to a Rule 11 suspension sanction, noting that “pendent review promotes judicial economy”); In re Dyer, 322 F.3d at 1187 (9th Cir.2003) (reviewing an unquantified sanctions order along with the merits because “[djelaying review of the sanctions order would result in piecemeal litigation”); Gilda Marx, 85 F.3d at 678 (D.C.Cir.1996) (recognizing that “[rjeview of the [unquantified] attorney’s fee order is certainly within our Article III power,” but declining to exercise its discretion to review the unquantified award pendent to a final judgment on the merits where the “scope of the fee award” was “not entirely clear,” such that the court was “[without a reason to believe that the interests of judicial economy and fairness to the parties would be served”); Hibiscus Associates Ltd. v. Bd. Of Trs. Of the Policemen & Firemen Ret. Sys., 50 F.3d 908, 921-22 (11th Cir.1995) (“The amount of the fee award has not been determined.... Although we have discretion as an exercise of pendent appellate jurisdiction to review the issue ... we decline to exercise that discretion here.”); M & C Corp. v. Erwin Behr GmbH & Co., KG, 289 Fed.Appx. 927, 932 (6th Cir.2008) (nonprecedential) (exercising pendent appellate jurisdiction over an unquantified award of litigation expenses).
In contrast with the cases selected by the panel majority, Mr. Orenshteyn’s appeal is from the final judgment on the merits of the patent, and the sanction is for his prosecution of the merits. Majorette Toys is controlling precedent,[2] and supports accepting appeal of the sanction along with appeal of the final judgment, for the district court’s final judgment presents these issues for appeal.
The panel majority has chosen to accept only the portion of the appeal relating to *1374 the final judgment of invalidity, and to separate and remand the portion directed to the sanction, for further proceedings that may become irrelevant. In the prior appeal of this case, after the district court’s summary judgment on the issue of infringement and the initial award of this sanction, a panel of this court commented that the district court awarded sanctions because “this case was not litigated well by Orenshteyn and his counsel,” Orenshteyn v. Citrix, 341 Fed.Appx. at 626. The prior panel vacated that award of sanctions, with the admonition that “the amount [of extra cost for multiplication of proceedings] would appear to be a fraction of the total litigation cost.” Id. at 622. The present sanctions are for the same transgressions, and will again require review of the merits of the patent counts and litigation procedures. No advantage or convenience appears in separating these aspects, and every advantage and convenience in combining them.
As now postured by the panel majority, this court will review only the summary judgment of patent invalidity. Meanwhile, the district court will be ordered to return to the case and perform the accounting— without knowing the views of the Federal Circuit on the foundation of the sanction or its scope. Judicial efficiency is adversely affected not only for the Federal Circuit, but also for the district court. However, this burden is avoided if this court simply follows precedent and reviews the appealed sanction along with the appealed final judgment.
But for the recent aberration in Falana, see n.2 supra, Federal Circuit precedent has been consistent. In Majorette Toys, and in Akron Polymer, the court received appeal of a final judgment on the merits, and accepted the accompanying appeal of the sanction although the monetary amount of the sanction had not been determined. And where the unquantified sanction was the only issue on appeal, as in View Engineering and Special Devices, the court held that the issue was not ripe for appeal. Precedent and efficiency support acceptance of this appeal of the merits together with the sanction.

. The majority sees "no basis upon which to limit Swint only to pendent party jurisdiction.” Maj. op. at 1362. Swint is not limited "only to pendent party jurisdiction,” but this is one of the three important bases for distinguishing this case and Majorette Toys from Swint, as explained supra.

. I take note of the recent decision in Falana v. Kent State Univ., 669 F.3d 1349 (Fed.Cir.2012), where a panel of this court departed from Majorette Toys. However, the earlier precedent controls until it is overruled en banc. See Newell Cos. v. Kenney Mfg. Co., 864 F.2d 757, 765 (Fed.Cir.1988) ("Where there is direct conflict, the precedential decision is the first.”). Further, Falana erroneously stated that the "appeal in Majorette Toys was based on 28 U.S.C. § 1292,” attempting to distinguish Majorette Toys on the ground that jurisdiction in Falana was based on § 1295 instead of § 1292. Id. at 1361— 62. This distinction fails, as jurisdiction in *1374 Majorette Toys was based on § 1295. See Johannsen, 918 F.2d at 162 ("the judgment in Majorette Toys was actually a 'final decision' appealable under § 1295, and the court's discussion of § 1292(c)(2) was not necessary to its holding on jurisdiction"). Falana also stated that “Swint supersedes Majorette,” while ignoring this court's post-Swint decision in Akron Polymer, discussed supra, where this court again reviewed an unquantified award of attorney fees along with a final judgment on the merits. Finally, "[w]hether an appellate court exercises this 'doctrine of pendent jurisdiction at the appellate level’ is a matter of discretion.” Intermedics, 804 F.2d at 134. Although the court in Falana chose not to exercise this discretion, that does not bar us from doing so when sound discretion so counsels.