824 F.2d 976
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DARDA INC. U.S.A., d/b/a Darda Toy Company, and Helmut
Darda, Appellees,
v.
MAJORETTE TOYS (U.S.) INC. and Majorette S.A. France, Appellants.
 Appeal No. 86-921.
 United States Court of Appeals, Federal Circuit.
 March 30, 1987.
 
 S.D. Fla., 627 F.Supp. 1121
 REVERSED IN PART; AFFIRMED IN PART.
 Before DAVIS, Circuit Judge, BENNETT, Senior Circuit Judge, and SMITH, Circuit Judge.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 The judgment of the United States District Court for the Southern District of Florida, holding claims 1-5 of patent No. 3,812,933 and claims 1-4 and 6 of patent No. 3,981,098 valid and infringed, is reversed in part and affirmed in part.
 
 OPINION
 
 2
 Helmut Darda's (Darda) invention relates to a toy vehicle that can be wound up by moving it backward and forward, as opposed to moving it in just one direction. He received two patents in the United States covering his invention. Claims 1-5 of patent No. 3,812,933 (the '933 patent) and claims 1-4 and 6 of patent No. 3,981,098 (the '098 patent) are at issue in this appeal.
 
 
 3
 The '933 patent involves the drive mechanism for the toy. Claim 1 begins "[a] drive, particulary [sic ] for mobile toys" and describes the drive. Claims 2-5 provide limitations with respect to individual components of the drive. Claim 1 of the '098 patent claims the toy itself with the bi-directional wind drive. Claims 2-4 and 6 provide limitations on the components of the drive.
 
 
 4
 Majorette Toys (U.S.) Inc. and Majorette S.A. France (Majorette) argue that the district court erred in interpreting the claims of the '933 patent as limited to toys. Majorette contends that, when properly interpreted, the '933 patent is either anticipated or obvious in light of prior art bi-directional winding mechanisms. It also argues that the '098 patent would have been obvious to one of ordinary skill in the art.
 
 
 5
 The prior art considered by the district court included two patents related to toys that were before the Patent and Trademark Office during the prosecution of the patents in suit. The Wyrick patent, No. 2,182,529, and the Miura patent, No. 3,541,725, both disclose a mobile toy vehicle with a spring that can be wound when the toy is moved in one direction only. The district court found that these two patents were the closest prior art to the subject matter of the patents in suit.
 
 
 6
 In addition, the district court considered the Bolsey patent, No. 2,305,666. Bolsey discloses a bi-directional drive for a moving picture camera. The camera is wound using an external key.
 
 Claim Interpretation
 
 7
 Claim interpretation is a question of law. ACS Hospital Systems, Inc. v. Montefiore Hospital, 732 F.2d 1572, 221 USPQ 929 (Fed.Cir.1984). The district court held that the claims of the '933 patent should be construed as being
 
 
 8
 limited to a motor for mobile toy vehicles in light of the prosecution history of that patent, the file wrapper and specification of that patent, Mr. Westphal's intent in drafting that claim language, and the testimony that there was never any intent to use the motor, and the motor has never been used, for anything other than a toy vehicle.
 
 
 9
 The district court properly considered the prosecution history, the file wrapper, and the specification in construing the claim. McGill Inc. v. John Zink Co., 736 F.2d 666, 221 USPQ 944 (Fed.Cir.), cert. denied, 469 U.S. 1037 (1984). However, it was error for the court to consider what the drafter of the claim said he intended it to mean, and the inventor's intent and actual use of the motor where the language used in the claim is clearly broader than the interpretation asserted.
 
 
 10
 In this case, the claim is not limited by the preamble language. While it is true that the preamble can limit the claim where "[t]he introductory claim language * * * is more than a mere statement of purpose; and that language is essential to particularly point out the invention defined by the claims [citations omitted]," this is not such a case. In re Bulloch, 604 F.2d 1362, 1365, 203 USPQ 171, 174 (CCPA 1979). The language "particularly [sic ] for mobile toys" is merely a statement of intended use, and is not a limitation on the claims. Any claim by Darda that the language of the preamble was intended as a limitation of the claim is expressly negated by the statement in the specification that the drive was "particularly but not exclusively for mobile toys." (Emphasis supplied.)
 
 
 11
 The claims of the '098 patent are clearly limited to a toy vehicle, as the district court properly held.
 
 Obviousness
 
 12
 Obviousness is a question of law which is based on the underlying factual determinations outlined in Graham v. John Deere Co., 383 U.S. 1 (1966), concerning the scope and content of the prior art, the differences between the prior art and the claims at issue, the level of ordinary skill in the art, and any objective evidence of nonobviousness presented. Connell v. Sears, Roebuck & Co., 722 F.2d 1542, 220 USPQ 193 (Fed.Cir.1983).
 
 
 13
 Because the district court improperly limited the scope of the '933 patent to toys, it erred in its obviousness determination with regard to that patent. The '933 patent claims a drive which allows bi-directional winding. The Bolsey patent is the closest prior art to the claimed drive. Bolsey's disclosure of a bi-directionally wound spring renders the drive claimed by the '933 patent obvious.
 
 
 14
 The district court properly determined that the '098 patent was not invalid for obviousness. The '098 patent is limited to toy vehicles. The court considered the Wyrick and Miura patents, which it found to be the closest prior art to the claims in suit, as well as the Bolsey patent. Majorette has failed to show that the district court's determination of the scope and content of the prior art was clearly erroneous.
 
 
 15
 Majorette claims that the district court erred in its obviousness determination because it failed to consider evidence of secondary considerations. Majorette apparently thinks that such evidence is required for a determination of nonobviousness. This is incorrect. As this court stated in Leinoff v. Louis Milona & Sons, Inc., 726 F.2d 734, 740, 220 USPQ 845, 849 (Fed.Cir 1984):
 
 
 16
 [L]ong felt need is not a requirement for nonobviousness. The so-called secondary considerations set forth in Graham v. John Deere Co., supra, are simply indicia of nonobviousness. These considerations permit a tribunal to consider, as relevant to an alleged invention's nonobviousness, evidence of commercial success, immediate copying by others, and long felt but unmet need. Although this evidence often helps a tribunal determine an invention's nonobviousness, it is not necessarily conclusive. [Emphasis in original.]
 
 
 17
 Therefore, the fact that Darda's toys met with mixed commercial results is not fatal. In addition, the district court did consider the fact that Darda was the first to produce a toy vehicle with a bi-directionally wound motor and, for many years afterward, was the only one to do so.
 
 Inequitable Conduct
 
 18
 Majorette claims that Darda's failure to cite the Bolsey patent to the examiner during the prosecution of the '098 patent constitutes inequitable conduct. The district court found that there was no evidence of inequitable conduct because Darda and his counsel correctly and in good faith believed that it was not relevant to the patent in suit. Majorette has not shown that the district court's determination of materiality and intent was clearly erroneous.
 
 Willful Infringement
 
 19
 Finally, Majorette argues that the finding of willful infringement by the district court was clearly erroneous. Failure to obtain competent advice of counsel is a factor to consider in determining whether infringement is willful. As this court stated in Underwater Devices, Inc. v. Morrison-Knudsen Co., 717 F.2d 1380, 1389-90, 219 USPQ 569, 576 (Fed.Cir.1983):
 
 
 20
 Where, as here, a potential infringer has actual notice of another's patent rights, he has an affirmative duty to exercise due care to determine whether or not he is infringing. * * * Such an affirmative duty includes, inter alia, the duty to seek and obtain competent legal advice from counsel before the initiation of any possible infringing activity. * * * [Emphasis in original; citations omitted.]
 
 
 21
 It was stipulated that Majorette knew of the patents as of September 30, 1980. Majorette's counsel did testify that he prepared opinions on the foreign Darda patents prior to suit, but he did not testify to the basis for his opinions. The evidence indicated that there was no opinion of counsel regarding the two patents in suit (the United States patents) until after the litigation was commenced. And, although the opinion was not introduced into evidence, Majorette's counsel admitted that it concluded there was infringement. Therefore, Majorette has failed to show that the district court's finding was clearly erroneous.
 
 Conclusion
 
 22
 The district court erred in its determination of validity with regard to the '933 patent. Claims 1-5 of the '933 patent are invalid because they would have been obvious to one of ordinary skill in the art, when the claims are properly interpreted as not limited to toy vehicles. We reverse that portion of the district court's decision which deals with the '933 patent. The district court correctly concluded that the '098 patent is valid and infringed. We affirm that portion of the district court's decision dealing with the '098 patent.
 
 
 23
 DAVIS, Circuit Judge, dissenting in part.
 
 
 24
 I agree as to the '098 patent but disagree that the '933 patent is invalid for obviousness. In my view, the District Court did not err in limiting those claims of the '933 patent now involved to a motor for mobile toy vehicles. That interpretation correctly results from the combination of a number of factors: (a) claim 1 starts out by describing "A drive, particularly for mobile toys ..."; (b) after a short very general description of the invention, the specification states: "Still more particularly the present invention relates to a spring drive which is especially suited for mobile toys" and continues with "Spring drives used for mobile toys and similar purposes ..."; (c) the "Background of the Invention" continues with several references to small children and a "playing child" as well as to the "toy vehicle or the like"; (d) the "Summary of the Invention" refers several times to a "toy vehicle" or "toy";[1] (e) there is no reference in the patent to usefulness for any purpose other than a mobile toy vehicle; and (f) the prosecution history shows that the examiner and the applicant both considered the invention as related to toys, including the fact that all the references applied against the claims disclosed a mobile toy vehicle or a motor drive for such a toy vehicle.[2] Moreover, the sentence in the '933 specification (partially quoted in the court's opinion)--relating to the drive as "particularly but not exclusively for mobile toys"--itself states specifically that the drive is but "one feature of the invention," not the whole invention. I conclude that all this shows that the statements in the patent as to "toy vehicles" are "more than a mere statement of purpose," but rather "that language is essential to particularly point out the invention defined by the claims." In re Bulloch, 604 F.2d 1362, 1365, 203 USPQ 171, 174 (CCPA 1979).
 
 
 25
 On that basis, I see no ground for holding that the invention would have been obvious in view of Bolsey which involved a moving picture camera, not a mobile toy vehicle. There was expert testimony, believed by the trial judge, that the jump between Bolsey and a motor for a mobile toy vehicle was too great.
 
 
 
 [1]
 E.g., "A toy vehicle provided with the novel spring drive can be wound up in very simple manner, namely by lightly pushing the toy against a surface on which it rests and moving it back and forth on this surface."
 
 
 [2]
 I give little weight to the post hoc trial testimony of the inventor's German patent attorney that he never intended to claim anything other than a motor for a toy vehicle