NEWMAN, Circuit Judge, dissents from the order granting the motion to dismiss.
ORDER
LINN, Circuit Judge.
Citrix Systems, Inc. (“Citrix”) moves to dismiss as premature Alexander S. Orenshteyn’s (“Orenshteyn”) appeal of an October 1, 2010, order granting in part a motion for sanctions. Orenshteyn opposes.
On April 6, 2002, Orenshteyn filed a complaint against Citrix alleging patent infringement. During the course of litigation, the district court granted in part Citrix’s motion for sanctions against Orenshteyn and his prior counsel, and referred the matter to a magistrate judge for a report and recommendation to determine the amount of sanctions. Subsequently, the district court granted Citrix’s motion on the merits for summary judgment of invalidity. Orenshteyn appealed, seeking review of the district court’s invalidity determination and the order granting sanctions. The district court has not yet made a final determination regarding the amount of sanctions.
Citrix contends that the portion of Orenshteyn’s appeal concerning the order granting sanctions is premature because that order is not a final, appealable decision. See View Eng’g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 964 (Fed.Cir.1997). We agree.
By statute, this court has jurisdiction over an appeal of a decision of a district court if it is “final” under 28 U.S.C. § 1295(a)(1) or if it is an interlocutory order as specified in 28 U.S.C. § 1292. The district court’s decision on the mer *1358 its — its decision on validity — is final and reviewable by this court. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202-03, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988) (“[A] decision on the merits is a ‘final decision’ ... whether or not there remains for adjudication a request for attorney’s fees attributable to the case.”). But the district court’s decision granting sanctions is a separate order which is not final and appealable until the district court has decided the amount of sanctions. See White v. N.H. Def't of Emp’t Sec., 455 U.S. 445, 452, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (“Unlike other judicial relief, the attorney’s fees ... are not compensation for the injury giving rise to an action. Their award is uniquely separable from the cause of action to be proved at trial.”); McCarter v. Ret. Plan for the Dist. Managers of the Am. Family Ins. Grp., 540 F.3d 649, 652 (7th Cir.2008) (“[T]he upshot of White’s approach is that decisions on the merits and decisions about attorneys’ fees are treated as separate final decisions, which must be covered by separate notices of appeal — each filed after the subject has independently become ‘final.’”); see also Falana v. Kent State Univ., 669 F.3d 1349, 1360 (Fed.Cir.2012); View Eng’g, 115 F.3d at 964.
In rare circumstances, the doctrine of pendent appellate jurisdiction allows federal courts of appeals limited discretion to review a ruling that is not independently appealable if jurisdiction exists over another related ruling. Cf. Swint v. Chambers Cnty. Comm’n, 514 U.S. 35, 50-51, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995) (“[W]e have not universally required courts of appeals to confine review to the precise decision independently subject to appeal.”). Thus, the only issue here is whether this court should exercise pendent jurisdiction over Orenshteyn’s appeal of the sanctions order. We conclude that we should not, following Supreme Court guidance that the exercise of pendent jurisdiction is limited to exceptional circumstances.
The Supreme Court in Swint provided two essential reasons why pendent jurisdiction should be limited. First, Congress specifically provided district courts the authority to certify an interlocutory order as appealable under 28 U.S.C. § 1292(b) (applicable to this court under 28 U.S.C. § 1292(c)(1)), and § 1292(b) is undermined if appellate courts take jurisdiction over appeals from non-final orders in the absence of district court certification. Swint, 514 U.S. at 46-47, 115 S.Ct. 1203. Second, the Supreme Court has express rulemaking authority to expand the list of appeal-able interlocutory orders, implying that this is not a determination to be made by judicial decision of a circuit court. See id. at 48, 115 S.Ct. 1203 (citing 28 U.S.C. §§ 1292(e), 2072).
After Swint, it is clear that a court of appeals may have pendent jurisdiction when the appealable and nonappealable decisions are “inextricably intertwined” or when review of the non-appealable decision is necessary to review the appealable one. See id. at 51, 115 S.Ct. 1203. While Swint did not “definitively or preemptively settle ... whether or when it may be proper for a court of appeals, with jurisdiction over one ruling, to review, conjunctively, related rulings that are not themselves independently appealable,” the Supreme Court nevertheless found that pendent jurisdiction did not exist when the non-appealable decision was neither “inextricably intertwined with” nor “necessary to ensure meaningful review of’ the appealable decision. 514 U.S. at 50- *1359 51, 115 S.Ct. 1203. Thus, notwithstanding the qualifying language in Swint, this court cannot exercise pendent jurisdiction unless at least one of the Swint tests is met without contradicting the central holding of Swint. Moreover, both the Supreme Court and this court have subsequently used the tests propounded in Swint to evaluate whether pendent jurisdiction exists, further reinforcing that the tests in Swint are the relevant standard. See Clinton v. Jones, 520 U.S. 681, 707 n. 41, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997); Advanced Fiber Techs. (AFT) Trust v. J & L Fiber Servs., Inc., 674 F.3d 1365, 1376-77 (Fed.Cir.2012); Falana, 669 F.3d at 1359-62; Entegris, Inc. v. Pall Corp., 490 F.3d 1340, 1348-50 (Fed.Cir.2007); Intel Corp. v. Commonwealth Scientific & Indus. Research Org., 455 F.3d 1364, 1369, 1371 (Fed.Cir.2006); Helifix, Ltd. v. Blok-Lok, Ltd., 208 F.3d 1339, 1345 (Fed.Cir.2000). But see iLOR, LLC v. Google, Inc., 550 F.3d 1067, 1073 n. 1 (Fed.Cir.2008) (declining to exercise pendent appellate jurisdiction sua sponte without citing the Swint tests); Procter & Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d 842, 846-47 (Fed.Cir.2008) (exercising pendent jurisdiction, without citing Sunnt, based on “ ‘... the extent that review of the appealable order will involve consideration of factors relevant to the otherwise nonappealable order.’ ” (quoting Intermedics Infusaid, Inc. v. Regents of the Univ. of Minn., 804 F.2d 129, 134 (Fed.Cir.1986))).
Relying on Swint, this court found no pendent jurisdiction in Falana based on similar facts to those present here. 669 F.3d at 1359-62. In Falana, Kent State sought to appeal a final district court decision on inventorship along with a non-final award of unquantified attorney fees based on an exceptional case finding. Id. at 1359-60. This court declined to exercise pendent jurisdiction over the unquantified award of attorney fees, notwithstanding the final judgment on inventorship. Id. at 1359-62. Falana is our closest controlling precedent.
This court’s holding in Falana is consistent with the holdings of other circuits declining to exercise pendent jurisdiction over unquantified sanctions or attorney fees. Several circuits declined to exercise jurisdiction over unquantified attorney fees when appealed with final decisions even before Swint. See Cooper v. Salomon Bros., 1 F.3d 82, 85 (2d Cir.1993); Pennsylvania v. Flaherty, 983 F.2d 1267, 1275-77 (3d Cir.1993); Becton Dickinson & Co. v. Dist. 65, United Auto., Aerospace & Agric. Implement Workers, 799 F.2d 57, 61-62 (3d Cir.1986); S. Travel Club, Inc. v. Carnival Air Lines, Inc., 986 F.2d 125, 129-31 (5th Cir.1993); Pa. Nat’l Mut. Cas. Ins. Co. v. Pittsburg, 987 F.2d 1516, 1520-21 (10th Cir.1993). In light of Swint, the Seventh Circuit expressly overruled its decisions allowing pendent jurisdiction over unquantified attorney fees. McCarter, 540 F.3d at 653-54. While the Eleventh Circuit continued to assert that it had discretion to exercise pendent jurisdiction over an award of attorney fees after Swint, it declined to do so. Hibiscus Assocs. Ltd. v. Bd. of Trs. of the Policemen & Firemen Ret. Sys., 50 F.3d 908, 921-22 (11th Cir.1995). Even though the D.C. Circuit has a more permissive interpretation of Swint than most circuits and did not create a “blanket rule” prohibiting pendent jurisdiction over unquantified attorney fees, the D.C. Circuit declined to exercise pendent jurisdiction over unquantified attorney fees and anticipated that review of such orders “will be rare exceptions.” Gilda Marx, Inc. v. Wildwood Exercise, Inc., 85 F.3d 675, 676, 678-80 (D.C.Cir.1996); see also *1360 Kilburn v. Socialist People’s Libyan Arab Jamahiriya, 376 F.3d 1123, 1133-34 (D.C.Cir.2004).
There have been rare cases in which courts in other circuits have taken jurisdiction over an unquantified award of attorney fees, but these were special cases, such as when the award actually met one of the Swint tests for pendent appellate jurisdiction. See Thornton v. Gen. Motors Corp., 136 F.3d 450, 451, 453-54 (5th Cir.1998) (exercising pendent appellate jurisdiction when the sanction of unquantified attorney fees was “ ‘inextricably intertwined’ ” with a final sanctions order sus pending the appellant from the practice of law); M & C Corp. v. Erwin Behr GmbH & Co., KG, 289 Fed.Appx. 927, 932 (6th Cir.2008) (unpublished) (finding a final award of statutory penalties allowed pendent jurisdiction over an “intertwined” unquantified award of litigation expenses based on the same statute); see also In re Dyer, 322 F.3d 1178, 1186-88 (9th Cir.2003) (taking jurisdiction over a sanctions award in the context of the “flexible finality standards” of bankruptcy law, but “stop[ping] short of adopting a similar rule in non-bankruptcy cases”). These are the exceptions that prove the general rule that an unquantified award of attorney fees is not inherently or universally appealable under pendent jurisdiction, and instead must meet the same standards as any other decision to qualify for pendent appellate jurisdiction.
Therefore, the circuits, including this one, are in general agreement that an unquantified award of attorney fees does not usually warrant the exercise of pendent jurisdiction. Unlike Thornton and M & C in which the final decision and the non-final award of attorney fees had essentially the same legal basis, the finding of invalidity and the sanctions in the present case have different legal bases requiring different legal analyses. Thus, this court finds no indication in the present case that the unquantified sanction is “inextricably intertwined” with or necessary to review the final decision on the merits. See Swint, 514 U.S. at 51, 115 S.Ct. 1203; Clinton, 520 U.S. at 707 n. 41, 117 S.Ct. 1636. This court does not assert that Swint precludes the exercise of all pendent jurisdiction. See Helifix, 208 F.3d at 1345. This court simply follows Falana in declining to exercise pendent jurisdiction over the unquantified sanction because to do so would be inconsistent with the standards established in Swint.
The dissent errs in relying on Akron Polymer Container Corp. v. Exxel Container, Inc., 148 F.3d 1380 (Fed.Cir.1998), and Majorette Toys (U.S.), Inc. v. Darda, Inc., 798 F.2d 1390 (Fed.Cir.1986). In Akron, this court appeared to exercise jurisdiction over an unquantified award of attorney fees with a final judgment of inequitable conduct. 148 F.3d at 1381, 1384. However, Akron never discussed the jurisdictional or finality issues. Id. Generally, when an issue is not discussed in a decision, that decision is not binding precedent. See Nat’l Cable Television Ass’n, Inc. v. Am. Cinema Editors, Inc., 937 F.2d 1572, 1581 (Fed.Cir.1991) (“When an issue is not argued or is ignored in a decision, such decision is not precedent to be followed in a subsequent case in which the issue arises.”); see also New v. Oklahoma, 195 U.S. 252, 256, 25 S.Ct. 68, 49 L.Ed. 182 (1904). Beyond the general proposition, this court previously found that Akron was not binding precedent on the jurisdictional or finality issue.
[W]e recognize that this court has reviewed an award of attorney fees with *1361 out a quantified amount. E.g., Akron Polymer Container Corp. v. Exxel Container, Inc., 148 F.3d 1380, 47 USPQ2d 1533 (Fed.Cir.1998). However, in Akron, the finality issue was raised neither by the parties nor sua sponte by the court. Because Akron did not confront and decide the same issue, it is not precedent on the question before us.
Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1346 (Fed.Cir.2001). Thus, this court is not bound to follow Akron.
Majorette is also not controlling for three reasons: Majorette is dicta with regard to exercising jurisdiction over unquantified attorney fees; it is distinguishable from the present case; and it was superseded by Swint. First, Majorette asserted that the court had jurisdiction over what, after Budinich, would be a final decision on the merits and a non-final award of unquantified attorney fees. See Majorette, 798 F.2d at 1391-92. While the dissent notes the appeal was challenged under 28 U.S.C. § 1295(a) and § 1292, Dissent Op. at 1365-66, the court actually took jurisdiction over the entire case by analogizing to an appeal of a judgment of patent infringement that is final but for an accounting of damages under 28 U.S.C. § 1292(c)(2). Majorette, 798 F.2d at 1391-92. The court in Majorette had no statutory basis upon which to draw such an analogy. However, when the case was actually decided, there was no mention of the attorney fees. Darda Inc. U.S.A. v. Majorette Toys (U.S.) Inc., No. 86-921, 1987 WL 36118 (Fed.Cir. Mar. 30, 1987) (nonprecedential). Therefore, the portion of the order in Majorette taking jurisdiction over the attorney fees appears to be dicta as it was unnecessary to decide the case, and hence is not controlling over the present case.
Additionally, the interpretation of Majorette in Johannsen v. Pay Less Drug Stores Nw., Inc., 918 F.2d 160 (Fed.Cir.1990), confirms that the focus of Majorette was taking jurisdiction over the merits of the case. Discussing Budinich, the court in Johannsen suggested that the decision on the merits was final, notwithstanding the unquantified attorney fees. Johannsen, 918 F.2d at 163-64. Nothing in Johannsen suggests that the unquantified award of attorney fees was directly appeal-able as final under § 1295, contrary to the interpretation of Johannsen in the dissent. Dissent Op. at 1366.
Second, Johannsen made clear that § 1292(c)(2) applies only when there is a finding of patent infringement. Johannsen, 918 F.2d at 162 (“[I]f the patent owner loses at trial ... § 1292(c)(2) is not applicable, there being no impending accounting.”). There was a finding of patent infringement in Majorette. 798 F.2d at 1391. But in the present case, there was no finding of patent infringement, making Majorette’s analogy to § 1292(c)(2) inapplicable.
Third, Majorette preceded the Supreme Court’s Swint decision, and so Swint supersedes Majorette to the extent that the two conflict. We disagree with the dissent’s argument that Swint is distinguishable because the pendent jurisdiction at issue in Swint was “pendent party” jurisdiction and the appealable decision in Swint “was only appealable under the collateral order doctrine.” Dissent Op. at 1369-71. Swint discusses pendent jurisdiction generally, and the reasoning provided therein is broadly applicable to all pendent jurisdiction. See Swint, 514 U.S. at 40, 43-48, 115 S.Ct. 1203. Swint is widely considered to have thrown “cold water on pendent appellate jurisdiction.” *1362 McCarter, 540 F.3d at 653-54. Both the Supreme Court and this court have applied the tests from Swint to pendent jurisdiction generally, and not merely pendent party jurisdiction or jurisdiction pendent to a decision appealable under the collateral order doctrine. See Clinton, 520 U.S. at 707 n. 41, 117 S.Ct. 1636 (“The Court of Appeals correctly found that pendent appellate jurisdiction over this issue was proper. The District Court’s legal ruling that the President was protected by a temporary immunity from trial — but not discovery — was ‘inextricably intertwined,’ ... with its suggestion that a discretionary stay having the same effect might be proper; indeed, ‘review of the [latter] decision [is] necessary to ensure meaningful review of the [former](brackets in original) (internal citations omitted)); Entegris, 490 F.3d at 1349 (“[W]e find that Pall’s appeal of the contempt order is not ‘inextricably intertwined’ with Mykrolis’ cross-appeal of the dissolution of the preliminary injunction. ... [W]e find that exercising pendent jurisdiction is not appropriate with respect to Pali’s appeal.”); Helifix, 208 F.3d at 1345 (“We exercise our discretion to invoke pendent appellate jurisdiction over the interlocutory grant of summary judgment. ... [T]he denial of the preliminary injunction and the grant of summary judgment are ‘inextricably intertwined.’ ”). Thus, we see no basis upon which to limit Swint only to pendent party jurisdiction.
Finally, while the dissent observes that cases after Swint have used language different in degree from that present in Swint, including references to judicial efficiency, Dissent Op. at 1367-68, 1372-73, these cases typically rely on, refer to, or are consistent with the Swint tests. See In re Tutu Wells Contamination Litig., 120 F.3d 368, 382 & n. 12 (3d Cir.1997) (citing the Swint tests in a footnote and finding pendent appellate jurisdiction proper because the “two appeals rais[e] the identical legal challenge” and resolving one appeal resolves the other), abrogated in part by Comuso v. Nat’l R.R. Passenger Corp., 267 F.3d 331, 339 (3d Cir.2001); Comstock Oil & Gas Inc. v. Alabama & Coushatta Indian Tribes, 261 F.3d 567, 570-71 (5th Cir.2001) (finding a party’s jurisdictional arguments based on Swint “compelling” and finding the case presented the “rare and unique circumstances” warranting the exercise of pendent jurisdiction because the decisions “involve overlapping issues of law and fact”); Farm Labor Org. Comm. v. Ohio State Highway Patrol, 308 F.3d 523, 549-51 (6th Cir.2002) (noting the judicial efficiency interests “underlying the pendent appellate jurisdiction doctrine” after stating that “[u]nder the doctrine of pendent appellate jurisdiction ... a court of appeals may, in its discretion, ‘exercise jurisdiction over issues that are not independently appealable when those issues are “inextricably intertwined” with matters over which the appellate court properly and independently has jurisdiction’” (quoting Chambers v. Ohio Dep’t. of Human Servs., 145 F.3d 793, 797 (6th Cir.1998) (citing Swint, 514 U.S. 35, 115 S.Ct. 1203), cert. denied, 525 U.S. 964, 119 S.Ct. 408, 142 L.Ed.2d 331 (1998))); Brennan v. Twp. of Northville, 78 F.3d 1152, 1157-58 (6th Cir.1996) (exercising discretion to take pendent jurisdiction “in the interest of judicial economy” after discussing that the court’s “discretionary exercise of pendent appellate jurisdiction in this case is consistent with that of other courts of appeals, which have interpreted dictum in Swint ... as allowing pendent appellate jurisdiction where the appealable and non-appealable issues are ‘inextricably intertwined’”); Greenwell v. Aztar Ind. Gaming Corp., 268 F.3d 486, 491 (7th Cir. *1363 2001) (finding, after discussing Swint, that “Greenwell’s malpractice claim against Aztar is entwined with Aztar’s indemnity claim against the doctors ..., and since we must decide the latter, we might as well decide the former at the same time and head off a second appeal”); Mueller v. Auker, 576 F.3d 979, 989-91 (9th Cir.2009) (finding a failure to take jurisdiction would fly “in the face of efficient judicial administration,” but relying on the “inextricably intertwined” test from Swint and quoting extensively from Brennan, 78 F.3d 1152). Even though the D.C. Circuit uses “more expansive language” regarding pendent jurisdiction, including “efficiency,” the D.C. Circuit has “so far largely confined the doctrine to cases that come within one or the other of the Swint conditions.” Kilburn, 376 F.3d at 1133-34; see Nat’l R.R. Passenger Corp. v. ExpressTrak, L.L.C., 330 F.3d 523, 527 (D.C.Cir.2003) (noting that pendent jurisdiction is not exercised “liberally,” but will be invoked “in two circumstances: (1) ‘when substantial considerations of fairness or efficiency demand it,’ ... such as when a non-appeal-able order is ‘inextricably intertwined’ with an appealable order, ... or (2) when review of the former decision is ‘necessary to ensure meaningful review of the latter.’ ” (quoting Gilda Marx, 85 F.3d at 679)). But see Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan, 115 F.3d 1020, 1026-27 (D.C.Cir.1997) (citing Swint, but finding “the availability of pendent appellate jurisdiction is not limited to circumstances where claims are ‘so closely related’ that review of the former is necessary to, or will dispose of, review of the latter. Gilda Marx, 85 F.3d at 679. Considerations of fairness or efficiency may also justify the exercise of pendent appellate jurisdiction when the ‘review will likely terminate the entire case, sparing both this court and the district court from further proceedings and giving the parties a speedy resolution.’ Id.”). Despite the minor deviation in the D.C. Circuit, this court continues to follow the approach of the majority of its sister circuits and its own precedent in primarily relying on the Swint tests to determine whether pendent jurisdiction is appropriate.
Even if this court could take jurisdiction in the present case — which it cannot — the exercise of pendent jurisdiction is discretionary, and this court would decline to exercise its discretion in this case. See Intel, 455 F.3d at 1371. This court sees little judicial efficiency in hearing the non-final sanctions issue with the decision on the merits. While reversing the sanctions order could potentially eliminate a second appeal, affirming the sanctions order could result in a separate appeal of the amount. This is a slender reed upon which to rest jurisdiction. Moreover, the sanctions order also covers Orenshteyn’s counsel, who are at present unable to appeal the non-final order, further indicating that another appeal of the same sanctions order could follow even if this court did take jurisdiction. Moreover, this court disagrees with the dissent that the district court “prudently” dealt with the problem of piecemeal litigation by waiting to see if this court would affirm its award before deciding the amount of that award. Dissent Op. at 1368-69. The prudential way to avoid “piecemeal appeals” is for the district court to “promptly” hear and decide claims for attorney’s fees; “[s]uch practice normally will permit appeals from fee awards to be considered together with any appeal from a final judgment on the merits.” White, 455 U.S. at 454, 102 S.Ct. 1162 (footnote omitted).
Consistent with Falana, and following the Supreme Court’s decision in Swint, we *1364 decline to exercise pendent jurisdiction over the appeal of the sanctions order in this case. There is no indication that the order granting sanctions is inextricably intertwined with or necessary to review the decision on the merits for summary judgment. Therefore, we grant Citrix’s motion. Orenshteyn may appeal from a final sanctions determination in the ordinary course.
Accordingly,
It Is Ordered That:
Citrix’s motion to dismiss the appeal of the district court’s sanction order is granted.