NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ATLAS IP, LLC, A FLORIDA CORPORATION,**
*Plaintiff-Appellant*

**v.**

**COMMONWEALTH EDISON CO., AN ILLINOIS CORPORATION,**
*Defendant-Appellee*

---

2016-2203

---

Appeal from the United States District Court for the Northern District of Illinois in No. 1:15-cv-10746, Senior Judge Milton I. Shadur.

---

Decided: May 9, 2017

---

MATTHEW TOPIC, Loevy & Loevy, Chicago, IL, argued for plaintiff-appellant.

MARK A. LEMLEY, Durie Tangri LLP, San Francisco, CA, argued for defendant-appellee. Also represented by ADAM R. BRAUSA, DARALYN JEANNINE DURIE.

---

Before O'MALLEY and HUGHES, *Circuit Judges.*

O'MALLEY, *Circuit Judge*.

Atlas IP, LLC ("Atlas") filed suit in the United States District Court for the Northern District of Illinois alleging that Exelon Corporation ("Exelon") and Commonwealth Edison Company ("ComEd") infringed U.S. Patent No. 5,371,734. The district court dismissed the complaint as to Exelon with prejudice. Atlas subsequently amended the complaint twice as to ComEd. ComEd moved to dismiss the second amended complaint for failure to state a claim upon which relief can be granted. The district court granted that motion, and entered final judgment dismissing the action with prejudice the same day.

After the district court entered judgment dismissing the case, ComEd moved the court for attorneys' fees and costs pursuant to 35 U.S.C. § 285. While that motion was pending, Atlas appealed the district court's judgment on the merits to this court. Notice of Appeal, *Atlas IP, LLC v. Exelon Corp.*, No. 15-cv-10746 (N.D. Ill. June 9, 2016), ECF No. 42. The district court later granted ComEd's motion for attorneys' fees, and the parties subsequently stipulated to the amount of fees and costs. Atlas did not file a notice of appeal from the district court's decision granting fees or from the court's apparent approval of the parties' stipulation.

After careful consideration and with the benefit of oral argument, we *affirm* the district court's judgment dismissing the action with prejudice. Having resolved the merits, we turn to a procedural complication. As noted, after dismissing the suit, the district court ordered Atlas to pay ComEd's attorneys' fees and costs. Both parties discussed the propriety of the district court's fee award in their briefing on appeal. After oral argument, we ordered the parties to submit supplemental letter briefs addressing whether we have jurisdiction to review the district court's decision awarding attorneys' fees and costs under 35 U.S.C. § 285. Atlas argued that, because the issue of

claim construction is inextricably intertwined with the award of attorneys' fees, and because ComEd had notice of its intent to appeal the award of fees, we should exercise pendent appellate jurisdiction over the attorneys' fees issue. ComEd disagreed, arguing that Atlas did not satisfy the jurisdictional requirement for its appeal from the district court's fees award.

Review of the district court's docket reveals that the court never entered final judgment specifying the amount of fees awarded. Instead, the parties submitted a stipulation as to the amount of fees and the district court merely acknowledged that docket entry. Because there was neither a final order awarding fees nor a notice of appeal from any such order, we lack jurisdiction to address the propriety of the court's decision awarding fees. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

Although Atlas requests that we exercise pendent appellate jurisdiction over the issue of attorneys' fees, we decline to do so. The doctrine of pendent jurisdiction may apply "when the appealable and non-appealable decisions are 'inextricably intertwined' or when review of the non-appealable decision is necessary to review the appealable one." *Orenshteyn v. Citrix Sys., Inc.*, 691 F.3d 1356, 1358 (Fed. Cir. 2012). These circumstances are not present here. Our review of the merits is not impacted by the existence of any later fee award. As we have previously explained, a "district court's exceptional case determination is a separately appealable judgment which itself must be final." *Falana v. Kent State Univ.*, 669 F.3d 1349, 1360 (Fed. Cir. 2012).

Accordingly, we *affirm* the district court's decision dismissing Atlas's second amended complaint, but decline to address the portion of Atlas's briefing relating to attorneys' fees.

**AFFIRMED**