NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALEXSAM, INC.,**
*Plaintiff-Appellant*

**v.**

**SIMON PROPERTY GROUP, L.P., BLACKHAWK NETWORK, INC.,**
*Defendants-Appellees*

**US BANK NA,**
*Defendant*

---

2025-1137

---

Appeal from the United States District Court for the Eastern District of Texas in No. 2:19-cv-00331-RWS-RSP, Judge Robert Schroeder, III.

-------------------------------------------------

**ALEXSAM, INC.,**
*Plaintiff-Appellee*

**v.**

**SIMON PROPERTY GROUP, L.P.,**
*Defendant-Appellant*

**BLACKHAWK NETWORK, INC.,**
*Defendant-Appellee*

**US BANK NA,**
*Defendant*

————————————

2025-1138

————————————

Appeal from the United States District Court for the Eastern District of Texas in No. 2:19-cv-00331-RWS-RSP, Judge Robert Schroeder, III.

————————————

**ON MOTION**

————————————

Before TARANTO, STOLL, and STARK, *Circuit Judges.*

STARK, *Circuit Judge.*

**O R D E R**

Blackhawk Network, Inc. and Simon Property Group, L.P. move to deactivate or stay AlexSam, Inc.'s appeal, Appeal No. 2025-1137, or in the alternative, to dismiss that appeal. ECF No. 28. AlexSam opposes. Blackhawk and Simon reply. We dismiss AlexSam's appeal.[1]

As relevant here, AlexSam sued Blackhawk and Simon for patent infringement, and Simon asserted a third-party

————————————

[1]    Blackhawk also submits a letter to the court concerning the briefing schedule for Appeal No. 2025-1138, ECF No. 38, and AlexSam responds, ECF No. 39. To the extent that Blackhawk is requesting the opportunity to file a response brief in Appeal No. 2025-1138, that request is granted.

indemnification claim against Blackhawk. Simon and Blackhawk moved for summary judgment of non-infringement. The district court granted those motions, dismissed the case with prejudice, and denied as moot all claims and motions not previously ruled on.

While AlexSam's appeal from the judgment was pending, Blackhawk and Simon moved for sanctions and fees and to clarify and/or further amend the final judgment. In April 2024, this court affirmed the non-infringement judgment. On September 24, 2024, the district court issued an order granting in part the motions to clarify and/or amend, clarifying that Blackhawk's and Simon's motions for sanctions and fees remain live and that Simon's indemnification claim is moot in light of the final judgment. AlexSam and Simon separately appealed, and the court docketed Simon's appeal as a cross-appeal.[2]

In general, this court only has jurisdiction over an appeal if the decisions appealed are "final decision[s]." 28 U.S.C. § 1295(a). Final decisions are those that "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). AlexSam here seeks to challenge the district court's holding that the amended final judgment did not dismiss Blackhawk's and Simon's sanctions and fees motions. *See* ECF No. 33-1 at 7. Because the sanctions and fees motions are still pending, we agree with Blackhawk and Simon that the district court's order as to those issues is not yet final and appealable.

AlexSam argues that the court should exercise pendent jurisdiction over its appeal. But such review is limited to

---

[2]    Simon moved for certification of the district court's order under Federal Rule of Civil Procedure 54(b). The district court has since denied that motion. *See* ECF No. 40 and 41.

"rare circumstances" "when the appealable and nonappealable decisions are inextricably intertwined or when review of the non-appealable decision is necessary to review the appealable one." *Orenshteyn v. Citrix Sys., Inc.*, 691 F.3d 1356, 1358 (Fed. Cir. 2012) (internal quotation marks and citation omitted). Here, review of the district court's non-final order as to the sanctions and fees motions is neither inextricably intertwined with, nor necessary to review, the final order as to Simon's indemnification claim, particularly given the district court rejected AlexSam's position that the sanctions and fees motions should be treated the same as the indemnification claim. *See* ECF No. 1-2 at 74. Thus, AlexSam's appeal must be dismissed for lack of jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) Blackhawk and Simon's motion, ECF No. 28, is granted to the extent that AlexSam's appeal, Appeal No. 2025-1137, is dismissed. The revised official caption for the remaining appeal, Appeal No. 2025-1138, is reflected in this order.

(2) Each side shall bear its own costs as to Appeal No. 2025-1137.

(3) The briefing schedule for Appeal No. 2025-1138 is as follows: Simon's opening brief is due no later than 60 days after the date of entry of this order. AlexSam's and Blackhawk's response briefs are due no later than 40 days after service of Simon's opening brief. Simon's reply brief is due no later than 21 days after service of AlexSam's or

ALEXSAM, INC. v. SIMON PROPERTY GROUP, L.P.                    5

Blackhawk's response brief, whichever is later.

FOR THE COURT



Jarrett B. Perlow
Clerk of Court

<u>March 3, 2025</u>
Date